No. 7.—RICHARD G. BYARS, plaintiff in error, *vs.* BANCROFT, BETTS & MARSHALL, defendants in error.

[1.] A notice given at a Sheriff sale, that a mortgage, held by a third person who is not present, and when the proceedings are without his consent, will be paid from the proceeds of sale, or by the persons giving the notice, will not bind the mortgagee; but the mortgagor giving his consent will be bound.

[2.] Persons holding junior judgments will not be bound by such notice.

[3.] Mortgagees may waive the lien of their mortgages and claim the money with consent of mortgagor, without foreclosure.

[4.] Mortgagees cannot claim, against the rights of other judgment creditors, even with the consent of the defendant, money arising from the sale of property not mortgaged.

[5.] Plaintiff in execution may withdraw an execution from the Sheriff or the Court, but if he withdraw it when it is entitled to the fund, purchasers, *bona fide,* of property from the defendant, and securities, may have an equity against its enforcement against them.

Rule against Sheriff, from Butts Superior Court.  Decision by Judge GREEN, December Term, 1856.

Richard G. Byars, the Sheriff of Butts county, sold a certain tract of land, and other property, belonging to Nathan F. Camp, on the first Tuesday in November, 1856.  The land was levied on under an execution issued on a judgment, dated 11th September, 1855, in favor of Alpheus W. Benham & Co., vs. said Camp.  The land was under mortgages; one to Robert G. Duke, dated 16th February, 1855, and one to Bancroft, Betts & Marshall, dated 7th February, 1856, neither of which was foreclosed at the time of the sale, and Bancroft, Betts & Marshall's not due.  Bancroft, Betts & Co., by their agent, Wiley T. Burge, gave public notice on the day of sale, that the land was sold free from the lien of their mortgage, and also read the following paper, to-wit:

"In the sale of the land of Nathan F. Camp, it is consented and agreed, that the mortage lien of Robert G. Duke, is first to paid from the sale, and if it is not paid from the sale, then we will see it paid, or his lien to continue.

(Signed,)                        W. T. BURGE, Agent,
                    For Bancroft, Betts & Marshall."

Byars vs. Bancroft et al.

Burge the agent, and Camp, stipulated in writing, as to the manner of disposing of the fund arising from the sale of the land, which was made known at the sale.

The following is their agreement, viz:

"In the sale of the land of Nathan F. Camp, it is consented and agreed by all parties interested, that Robert G. Duke's mortgage be first paid out of the funds of said land; that Bancroft, Betts & Marshall be next paid their mortgage of two thousand dollars principal, out of the funds of said land, and that the remainder of the purchase money of said land, be appropriated to the executions of Bancroft, Betts & Marshall sued out for the use of L. Wiley & Co., by Andrews & Little, and transferred to said firm.

(Signed,)              N. F. CAMP,

W. T. BURGE.

For Bancroft, Betts & Marshall."

At the sale, Duke did not waive his mortgage or its lien. There were other *fi. fas.* older than either of the mortgages, one of which was owned and controlled by Bancroft, Betts & Marshall.

The land was sold to Henry B. Fletcher, who bid it off for the sum of five thousand dollars.

It appeared in the Sheriff's return, that he had in his hands divers other *fi. fas.* against the said Camp, issued from the Superior and Inferior Courts of Butts county, and that he had in hand $913 raised from property other than the mortgaged land.

It appeared further, that there was an execution in favor of Charles F. Newton and Isaac W. Nolan, administrators &c., vs. Nathan F. Camp and James B. Camp—older than any other *fi. fas.*—assigned to Bancroft, Betts & Marshall, in the hands of the Sheriff, brought into Court by a subpœna, *duces tecum*, at the instance of the defendants, which the Court allowed to be withheld from claiming any funds, the assignees objecting to its being paid.

Nathan F. Camp gave the sheriff notice to pay the above *fi. fa.*, it being the oldest against him, from moneys in his hands arising from the sale of his property.

Under this state of facts, Bancroft, Betts & Marshall, obtained a rule against the Sheriff to show cause why he should not pay over the said fund, &c.

The Sheriff also received a notice from Camp, to apply the money arising from the sale of the land, to the satisfaction of the *fi. fa.* held by Bancroft, Betts & Co., and which was older than the mortgage which they held.

After argument, the Court ordered, the funds in the Sheriff's hand arising from the sale of the land, to be applied first to the payment of Duke's mortgage; secondly, to Bancroft, Betts & Marshall's, next to the payment of the *fi. fa.* of Benham & Co., and the residue to be applied rateably to the general *fi. fas.* agreeably to their priorities.

To which order counsel for the Sheriff excepted, and assigns the same as error.

D. J. BAILEY, for plaintiff in error.

J. H. STARKE, for defendants in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The judgment of the Court, in this case, was predicated on the agreement of certain of the parties having mortgages and executions against the defendant Nathan F. Camp, which are set forth in the foregoing statement of facts. The Sheriff brings this case before the Court, not because, by the judgment of the Court, he has been subjected personally to wrong or injustice, but to protect him against any movement that may hereafter be made against him, which might result in his injury. Without pausing to enquire and determine whether this precautionary step is necessary to his future safety, we will give the case a direction, which, while it may

promote the adjustment of the rights of parties, will certainly protect him from eventual injustice.

The oldest lien on the property of the defendant that appears in the record, is the execution of Charles F. Newton and Isaac W. Nolan, administrators, &c. vs. Nathan F. Camp, and Jas. B. Camp. The judgment on which it was issued, bears date in September, 1854.

Duke's mortgage next in order of time, is dated 16th February, 1855.

The judgments on which the following executions against Nathan F. Camp were issued, all bear date in September, 1855. John Andrews and Joseph C. Little, for the use of L. M. Wiley & Co., assigned to Bancroft, Betts & Marshall; Alpheus W. Benham and Kinchen P. Tyson; and Warren W. Woodruff.

The foregoing mortgages and executions, and the execution in favor of Andrews & Little for the use of L. M. Wiley & Co., exclusive of the execution in favor of Newton & Nolan, are more than sufficient to absorb all the money in the hands of the Sheriff, arising from the sale of Nathan F. Camp's property, leaving a multitude of executions unsatisfied.

[1.] The land mortgaged to Duke, was sold subject to his mortgage. He gave no consent to the sale, and does not interpose his mortgage to claim the money. That whole matter was managed without his privity, by Bancroft, Betts & Marshall, with the consent of N. F. Camp, the mortgagor and defendant in the several executions. Camp gave his consent that the mortgage of Duke should be paid out of the proceeds of the sale of the land. Bancroft, Betts & Marshall, gave notice at the sale, by their agent, of that consent, and also that if it was not paid from the sale, they would pay it. This consent and notice, cannot deprive Duke of the right to foreclose his mortgage and proceed against the land. He was no party to it. The consent, however, binds the

mortgagor Camp, and he cannot object to the payment of Duke's mortgage from the proceeds of the sale.

[2.] The notice given at the sale, cannot bind either Duke, who has a right to proceed against the land, or those holding junior judgments against Camp, or protect the purchaser against them, if by reason of the want of a waiver *by Duke*, of his mortgage lien on the land, it did not bring its value at the sale. The notice did not proceed from parties having authority to give it. Duke has an unquestionable right to have his mortgage paid in some way, and the Court below ordered it to be paid.

[3.] After the extinguishment of Duke's mortgage and the executions above mentioned, excepting the Newton & Nolan execution, and the execution of Wiley & Co., both of which are assigned to Bancroft, Betts & Marshall, the mortgage of Bancroft, Betts & Marshall, is the oldest lien on the land sold, and it was competent for the mortgagor Camp to consent to the money arising from the sale of the land to be applied to that, and it was also competent for the mortgagee to waive the lien of that mortgage at the sale.

[4.] The mortgages of Duke, and Bancroft, Betts & Marshall cannot, however, claim any part of the fund in Court arising from the sale of property not embraced in the mortgages.

[5.] In respect to the execution in favor of Newton & Noland, administrators, assigned to Bancroft, Betts & Marshall, we will say that the assignees had a right, if they thought proper, to refuse to receive money on it, and to withhold it from a participation in the fund in Court. If the rights of a *bona fide* purchaser of property from the defendant, or of a security, however, are affected by its withdrawal, a question may arise upon that hereafter, and the same remark may apply, so far as *bona fide* purchasers are concerned, in respect to the Wiley & Co. execution.

As it is insisted that the rights of all the execution creditors of Camp, came up under the exceptions of the Sheriff,

Byars vs. Bancroft, et al.

and as those who hold junior executions against Camp, have a right to have older liens extinguished, as far as the proceeds of Camp's property exposed fairly to sale will extinguish them, they would have a right to investigate the circumstances of the sale of the mortgaged land, even if Duke were to acquiesce in it. We have ordered a proceeding by which that may be done.

Under the facts presented in this record, the order of the Court below as passed, would give the money to the parties entitled to it, but inasmuch as it is not as explicit as it might be, we have determined to affirm it with the modifications and directions which we add. We have availed ourselves of the extreme latitude allowed, to determine and enforce the equitable rights of parties, on money rules against the Sheriff.

We accordingly affirm the judgment of the Court below, but with the following modifications and directions.

That from the money that arose from the sale of the property not embraced in the mortgage, the *fi. fas.* of Alpheus Benham and Kinchen P. Tyson, and Warren W. Woodruff, be immediately satisfied and the remainder of the money if any, be applied to the *fi. fa.* of Andrews & Little for the use of L. M. Wiley & Co.

That so much of the money as arose from the sale of the mortgaged land as may be sufficient to satisfy the Bancroft, Betts & Marshall mortgage, be paid in satisfaction thereof; and of the balance of the proceeds of the sale of said land, a sufficient amount be retained to pay the principal, interest and costs of the Duke mortgage, and if any remain, that it be applied first to the payment of the execution of Andrews & Little for the use of L. M. Wiley & Co., and then to the executions of junior date, according to their respective liens.

That the sum above directed to be retained, be held up, until the result of an enquiry, which the Court below is hereby directed to make, be known to the Court, viz: what the fair market value of the mortgaged land was on the day it was sold, and if it be found that the price at which it was

sold, was equal to, or more than the fair market value thereof, that the Court then order the whole of this retained sum to be paid to the Duke mortgage.

If the result be to show that the land was sold for less than the fair market value, and for less by a sum equal to the amount of the Duke mortgage at the time of the sale, then that the Court order the Duke mortgage to proceed against the land, and order the money retained to be paid to the unsatisfied executions in the order of their priorities.

If it be found that the price at which the land was sold was less than the fair market value of the land, and less by a sum smaller than the amount due upon the Duke mortgage, at the time of the sale, then the Court will order the said mortgage to make the smaller sum out of the land, and to receive the rest of its money from the sum directed to be retained, and the balance of said retained sum to be paid to the unsatisfied *fi: fas.*, agreeably to the order of their priorities.

It is however to be understood that the right of Duke to proceed at once against the land with his mortgage is not to be obstructed, against his consent, by the proceedings herein directed, unless he refuse to receive the full amount of his mortgage on its being tendered by Bancroft, Betts & Marshall.

Judgment affirmed, with directions.