absolute. No exception having been taken or *certiorari* sought to the judgment on those issues, the case as to them was *res adjudicata.* Judgment affirmed.

September 25, 1883.

[L. J. Blalock, who had acted as solicitor *pro tem.* of the county court of Sumter county, and had orders on funds arising from fines, etc., allowed for his costs, ruled the sheriff to require the latter to pay over a fund in his hands arising from such sources. The sheriff demurred to the rule; but the demurrer was overruled. He answered that he had orders sufficient to absorb the fund, and though junior to those of Blalock, he claimed the right to hold the money; that there was enough in the county treasury to pay off all claims. The rule was made absolute. At the next term of court, an attachment *nisi* was issued against the sheriff. He demurred, and answered substantially as he had done to the rule. The court ordered the money to be paid over in ten days, or that the sheriff be attached. He sued out a writ of *certiorari*; the judge of the superior court sustained the ruling of the court below, and the sheriff excepted.]

## WILSON *vs.* BURKS.

1. It can make no difference for what reason the writ of *certiorari* was dismissed in this case; the court did right in dismissing the same, and affirming the judgment of the justice.

2. A plaintiff brought suit in a justice's court. He testified that he purchased of the defendant the furniture and fixtures of a barber shop for $110; that he paid $30 thereof; that subsequently the defendant came and took from him the said property, and this suit was brought for the amount which had been paid. The defendant testified that he sold to plaintiff the property mentioned for the sum stated; that he was to retain the title until payment was made; that plaintiff had the property over a year, and the rent or hire was worth $69.00 when he re-took possession; this amount defendant set off against plaintiff's claim:

*Held*, that under plaintiff's own testimony, when he suffered the property to be re-taken by the defendant, and affirmed this taking

The Georgia Railroad *et al.* *vs.* Smith *et al.* Railroad Commissioners, etc.

by bringing his action for the money which he had paid, this was a rescission of the contract of sale, and the defendant became liable for the money which plaintiff had paid him; and the claim was subject to a set-off for the value of the hire or rent of the furniture. A like result would be reached from the testimony of either side.

Judgment affirmed.

September 25, 1883.

BLANDFORD, Justice.

[This writ of *certiorari* was dismissed by the court, on the ground that appeal to a jury was the proper remedy to correct the errors of the justice who tried the case.]

---

THE GEORGIA RAILROAD *et al.* *vs.* SMITH *et al.*, Rairoad Commissioners, *et al.*

The judgment of this court in this case, at the last term, on the application for injunction, controls the present case.

Judgment affirmed.

February 9, 1884.

[In 70 *Ga.*, 694, this case was before the Supreme Court on the refusal of an injunction. When it was returned to the court below, the bill was dismissed on demurrer, and complainants excepted.]

---

PROTHRO *vs.* GRUBBS & CAMP.

Where a person was employed to labor on a farm at a stipulated price for six months, but, by the terms of his contract, he could call, at any time during his service, for such portion of his earnings as he might require to supply his necessities, his wages were not subject to garnishment. Code, §3551; 25 *Ga.*, 571, 625; 51 *Id.*, 576; 46 *Id.*, 466-8; 54 *Id.*, 108.

Judgment reversed.

November 6, 1883.

HALL, Justice.