## LEYDEN *vs.* HICKMAN.

An action of ejectment was brought to recover land which had been sold to the defendant by the plaintiff, and for which a bond for titles had been given, some of the purchase money remaining unpaid. The defendant pleaded as follows: He was induced to purchase the land by the false and fraudulent representations of the plaintiff, that the tract contained six hundred acres, when, in fact, it contained only a little over three hundred acres. A part enclosed under fence, near the Catoosa Springs, did not belong to the plaintiff, and this, in a great measure, destroyed the value of the springs property. The premises were represented to be in good repair, and he was prevented from examining them by reason of the plaintiff's having locked up the houses and carried off the keys, until the contract was made. The defendant paid $2,500 in cash, and gave his note for $7,500 as the balance of the purchase money. When he examined the premises, he found them out of repair and in a very dilapidated condition, and he expended a very large sum of money in repairing them. The purchase was induced and made by reason of these false and fraudulent representations. Defendant prayed a rescission of the contract, and that the plaintiff be decreed to pay him the amount expended in repairing the premises and the amount which he had paid on the purchase money. He offered to account for and pay the rents:

*Held*, that the allegations in the equitable plea were sufficient to authorize the relief prayed for, although no insolvency was alleged.

(*a.*) This case differs from those in 59 *Ga.*, 455; 53 *Id.*, 18; 60 *Id.*, 338.

'*b.*) The plaintiff having brought his action of ejectment in Catoosa county, this gave the superior court of that county jurisdiction, under proper pleadings by the defendant, to hear and determine the controversy between the parties; and the defendant was not compelled to go to another county, where the plaintiff lived, and there file a bill for the rescission of the contract.

December 22, 1885.

Fraud. Equity. Contracts. Equitable Pleadings. Venue. Jurisdiction. Before Judge FAIN. Catoosa Superior Court. February Term, 1885.

Reported in the decision.

R. J. McCAMY; HACKETT & ANDERSON, for plaintiff in error.

McCUTCHEN & SHUMATE. for defendant.

BLANDFORD, Justice.

Hickman brought his action of ejectment to recover a certain tract of land in Catoosa county which he had sold to Leyden, and given his bond for titles, some of the purchase money being unpaid. Leyden pleaded to this action that he was induced to purchase this land by the false and fraudulent representations of Hickman, that the tract of land contained six hundred acres, when, in fact, it only contained a little over three hundred acres; also that a certain portion of the land enclosed under fence near the Catoosa Springs, did not belong to Hickman, and that this in great part destroyed the value of the spring's property; and that the premises were represented to be in good repair; and that he was prevented from examining the same by reason of Hickman's having locked up the houses and carried off the keys, until after the contract had been made; that he paid down cash twenty-five hundred dollars, and gave his note for seventy-five hundred dollars balance of the purchase money; that when he examined the premises, he found the same out of repair and in a very dilapidated condition; that he expended a large sum of money to fix up and repair the premises; and that the purchase was induced and made by reason of these false and fraudulent representations of Hickman. Leyden prayed a rescission of the contract, and that the plaintiff, Hickman, be decreed to pay him the several sums paid out for the repairs of the premises and the purchase money paid for the premises, he offering to account for and pay the rents. To this plea Hickman demurred on several grounds. The demurrer was sustained and the plea stricken by the court, and Leyden excepted, and this is the error assigned.

Are the allegations in the plea sufficient to maintain a bill

in equity to set aside this sale ?    We think that they are, notwithstanding that there is no allegation of insolvency. Fraud vitiates all contracts and renders them void.    The allegations of fraud are direct and positive, and these are admitted to be true by the demurrer.    A contract which is procured to be made by a solvent person by false and fraudulent representations cannot be permitted to stand any more than if such person were insolvent.    This contract is void, and Hickman will not be permitted to reap any benefit from it.    A court of equity will set aside such a contract, and restore the parties, as nearly as may be, to the condition they were in before the contract was made.

Leyden does not propose to hold on to the land and re-fuse to pay the purchase money, but he offers to rescind the contract, the effect of which is to give up the land to Hickman, and all he asks is that the money he has paid out by reason of the fraud of Hickman be decreed to be paid him, he offering to account for rents.    This case differs from those cases in 59 *Ga.*, 455 ; 53 *Id.*, 18 ; 60 *Id.*, 337, in this, that in neither of those cases was there any offer to rescind and give up the land, and also there were no such direct and positive allegations of fraud as are in the present case.

It is further insisted by the learned and able counsel for defendant in error that, as Hickman does not reside in Catoosa county, but in Richmond county, in this state, the superior court of Catoosa county has no jurisdiction to render a decree against him under Leyden's plea.    We do not think that this objection is well founded.    Hickman brought the action in Catoosa county ; this gives that court, under any proper plea by defendant, jurisdiction to hear and determine the same.    See *Markham vs. Huff*, 72 *Ga.*, 874.

Judgment reversed.