### BLITCH & NEWTON v. EDWARDS.

Where one enters into the possession of land under a written contract with the owner, by the terms of which it is agreed upon his part that he will pay to the owner a certain sum denominated as rent, and at the same time executes to the owner his promissory notes for certain other sums designated as purchase money for land, it being stipulated in the written agreement above mentioned that payment of rent should not be required in the event of the payment of the purchase money note first to become due; and further, that upon the payment of such first note, the owner would execute to the person so entering a bond for titles, but reserving in himself no right of entry in the event of a failure to pay any one of the notes: such a contract constitutes a contract of sale, and not a contract of rental; the position of the person entering thereunder was that of a purchaser, not a tenant; and if, upon default in payment of the purchase money, the owner elects to rescind the whole agreement and summarily evicts the purchaser, the latter is entitled to recover, in an appropriate action, any sums paid as purchase money in advance of the execution of the written agreement and notes, and in addition thereto, such expenses as may have been incurred by him in making necessary improvements during the time of his possession, less the value, according to the agreement, of the premises for rent.

July 15, 1895. By two Justices.

Action for damages. Before Judge SMITH. Bulloch superior court. October term, 1894.

On October 21, 1889, defendants sold plaintiff certain land at the price of $500, he paying them $150 cash, and giving them his three notes for the balance, due November 15, 1890, 1891 and 1892, and taking their bond for title. On February 15, 1892, he having paid neither of the notes that had fallen due, the bond and notes were cancelled and a new contract was made between the parties, whereby plaintiff gave defendants his two notes for $195 each, due November 1, 1892 and 1893, each reciting that it was " for the purchase money of land"; and a written instrument was executed by him and them, in substance as follows: Defendants, a firm doing a general mercantile business, "obligate to

furnish" to plaintiff the land in question, and he binds himself, his heirs, executors and administrators, to pay to defendants "fifty dollars rent for said land for the year 1892"; and it is further agreed that if plaintiff shall pay to defendants the two notes for $195 each, "there will be no rent charged, provided the above two notes are paid in full at maturity, including all interest; but in case the said W. H. Edwards [plaintiff] fail or refuse to meet the above mentioned notes, I do hereby bind myself, heirs and executors, to pay rent on said land as before mentioned, and that all crops that may be grown on said place of said Blitch & Newton [defendants] this year 1892, which I acknowledge renting from them with the privilege of buying, shall be subject to the rent and all advancements made or may be made to me by said Blitch & Newton. It is further agreed to, also, that if I the said W. H. Edwards do pay to the said Blitch & Newton all advancements that they have made or may make to me this year (1892), and then tender to them one hundred and ninety-five dollars for note due Nov. 1st next, which is payment of said land, that there shall be no rent claim; and we Blitch & Newton do acknowledge this contract, provided the said W. H. Edwards pays up all his advancements, both merchandise and guano accounts, for this year (1892), and upon paying said note falling due Nov. 1st next, for one hundred and ninety-five dollars, we Blitch & Newton do bind ourselves to give to said W. H. Edwards a bond for titles after settlement in full for all guano and merchandise accounts for this year, which has been or may be hereafter made during this season."

On December 20, 1892, plaintiff having failed to pay the first of the $195 notes, and not having paid any rent, defendants sold the land to one Brunson and demanded of plaintiff a surrender of possession by January 1, 1893. This not having been acceded to, they

sued out a dispossessory warrant under which plaintiff was ejected from the premises. He thereupon brought his action to recover the amount of money he had paid defendants on the purchase price, and the value of the improvements he had put upon the land. He obtained a verdict for $190 principal, with interest from January 6, 1893; and defendants' motion for a new trial was overruled. The motion alleges that the verdict is contrary to law and evidence; and that the court erred in charging the jury, " that under the terms of the contract, the plaintiff held that land as a purchaser, and that if defendants Blitch & Newton dispossessed him under a warrant without his consent, that would be such a rescission on their part that they would be thrown back to his original position; and if he had paid any money or made any improvements, he would be entitled to secure it back, after deducting therefrom the value of the property for rent for the time he occupied it."

BRANNEN & MOORE, for plaintiffs in error.

H. B. STRANGE, *contra.*

ATKINSON, Justice.

The facts necessary to a clear understanding of this case are stated in the official report.

The first great essential in the interpretation of contracts is to arrive at what was the real intention of the parties. Where the contract is in writing, the intention of the parties must be arrived at by considering the legal effect of the language which they employ. If this language be ambiguous, parol evidence is admissible to explain the ambiguity. If the contract between the parties consists of a series of written instruments, it is necessary, in order to arrive at its real meaning, that these instruments be construed together; and applying this latter rule to the contract now under consideration, we have no difficulty in concluding that the contract

upon which the plaintiff brought this action was a contract for the purchase of the land from the possession of which he was expelled, and not a contract of tenancy. It is true that there is some language employed in the written contract under review, which would seem to indicate that the relation of landlord and tenant was intended to be established thereby, for, amongst other statements in it, will be found one, "I acknowledge renting from them, with the privilege of buying." Standing alone, this would seem to indicate that there was a contract of rental only between the parties, and that the relation of landlord and tenant was established thereby. But viewed in the light of the other papers and the circumstances preceding the execution of this contract, we think this statement is qualified. It will be observed that there was a contract, in the first instance, for the sale of this land by the defendants to this plaintiff at a stipulated price, he paying therefor the sum of one hundred and fifty dollars in cash and giving certain notes for the balance of the purchase money, and the defendants executing to him in turn a bond for titles. Default was made in the payment of one of these notes, and they thereupon made a new contract, for the purpose, as one of the defendants expressed it, of giving the plaintiff more time for the payment of the purchase money. Upon the execution of this new contract, the old notes were surrendered, and together with them the bond for titles, but the plaintiff then and there made and executed and delivered to the defendants his two promissory notes for one hundred and ninety-five dollars each, conditioned to be payable, respectively, on the first day of November, 1892 and 1893, each of these notes containing the significant recital that they were given for the purchase money of land. The contract itself, as stated in the record, aside from the promissory notes, contains a recital, though there was a stipulation for

the payment of fifty dollars rent, that in the event the
notes were paid, then no rent would be charged. It is
difficult for us, in reading this contract, to determine
whether it was a contract really designed to secure the
payment of a store account, or whether the defendants
intended to treat it as a contract of rental. At all events,
the plaintiff entered under a contract of purchase. He
paid a certain amount of the purchase money. This
new contract was entered into, and the defendants ac-
cepted his notes for the purchase money of that land. It
is not every written contract which uses the word rent by
way of description of sums to be paid for the use of the
property, that creates, in cases of personal property a case
of bailment, nor in case of real estate a case of landlord
and tenant. To determine what the real status between
the parties is, it is necessary to look behind mere techni-
cal terms employed in drawing a contract, and gather
from the whole instrument what was the real legal rela-
tion established between them. A valuable discussion of
this doctrine will be found in the opinion of Chief Jus-
tice SIMMONS, then Associate Justice, in the case of *Hays*
v. *Jordan*, 85 *Ga.* 741. There was no agreement upon
the part of this plaintiff to surrender possession in de-
fault of the payment of the sums due upon his promis-
sory notes, nor did he in fact surrender possession. Upon
the contrary, the defendants forcibly expelled him. If
he was in as a purchaser, and that he was we do not
think is open to serious question in this case, then the
defendants having, because of default in the payment of
purchase money, elected to treat the contract as at an
end and expel him from the premises, he was at least
entitled to recover the purchase money actually paid by
him in the first instance, and the value of such improve-
ments as he as a purchaser had placed upon the land,
substantial in their nature and which tend to enhance
the value of the property, less the value of the premises,

according to the agreement, for rent. In other words, when the defendants took possession and expelled him, they did not necessarily forfeit the value of the premises for use and occupation, nor did the plaintiff forfeit the purchase money paid nor the value of the improvements. An accounting should have been taken as between the two, and a judgment rendered accordingly. The verdict in this case is in accord with the principles herein announced, is supported by the evidence; and the trial judge did not err in refusing to grant a new trial.

*Judgment affirmed.*