## TODD et al. v. LEACH.

1. Where one built a dwelling-house upon the land of another, in consideration of an agreement by the latter that the former should occupy the premises, free of rent, for and during the term of his natural life; and thereafter the tenant, upon being evicted by the owner from the premises, brought an action against him for money expended and labor done in erecting the house, this was an election by the plaintiff to treat the contract as rescinded, and the defendant was therefore entitled to set off against the plaintiff's claim the value of the premises for rent while he was in possession.

2. Though the original contract may have been in parol, such performance by the plaintiff as that above recited would take the case out of the statute of frauds.

Argued January 13,—Decided February 22, 1897.

Complaint. Before Judge Berry. City court of Atlanta. May term, 1896.

*Hillyer, Alexander & Lambdin*, for plaintiffs in error.

LUMPKIN, Presiding Justice.

An action was brought by Leach against Abram and Jane Todd. The declaration made, in substance, the following case: Under a contract with the defendants, the plaintiff, at an expense of $200, built a house upon a lot which they owned in the city of Atlanta, the consideration of his so doing being that he was to have the use and occupation of the same for the balance of his life, free of rent. He went into possession. Afterwards, in violation of their contract, the defendants wrongfully evicted him from the premises. The prayer of the petition was for the recovery of the money he had expended and the value of the labor he had performed in the erection of the house, the same amounting altogether, as alleged, to $200. The action was in no sense one to recover the value of the life term of which the plaintiff claimed he had been unlawfully deprived. The defendants sought to set off against the plaintiff's claim the value of the premises for rent during the time the same had been oc-

cupied by him. The court, by its charge, completely eliminated this defense from consideration by the jury, and its so doing is assigned as error in the bill of exceptions.

1. Undoubtedly, by bringing the above described action, the plaintiff elected to treat the original contract between himself and the defendants as rescinded. This being so, it follows as a necessary legal consequence that the defendants were entitled to plead and prove the alleged set-off. "Where the plaintiff seeks to recover the purchase money paid by him for land, treating the contract of sale as rescinded, he must account for the value of the use thereof whilst he was in possession." *McDonald* v. *Beall*, 55 *Ga.* 288. And see *Wilson* v. *Burks*, 71 *Ga.* 862. The case in hand is controlled by the principle laid down in the cases just cited, and there would be no difficulty in fortifying their correctness by authorities ad nauseam.

2. The statute of frauds manifestly has no bearing upon the present case.

*Judgment reversed. All the Justices concurring.*