## 2620.  JAY *v.* SWEATT.

1. A petition which sets up that the defendant had made a parol executory sale of land to the plaintiff, and had admitted him into possession, and that the plaintiff had paid a material portion of the purchase price, and had paid for the putting of certain improvements on the land, and that subsequently he ascertained that the defendant was not the full owner of the land, but had title to only an undivided half-interest in it, and that, upon the plaintiff's calling the defendant's attention to this matter, a parol rescission was agreed upon, whereupon the plaintiff surrendered possession, sets out a valid cause of action for the recovery of the amount of the purchase-money paid, plus the value of the improvements, less the rental value (if any) of the premises during the period in which the land was held.

2. The evidence was sufficient to authorize the verdict.

DECIDED JANUARY 17, 1911.

Action for money had and received; from city court of Ocilla—Judge Wall. January 13, 1910.

*Lankford & Dickerson, Newbern & Meeks,* for plaintiff in error.

POWELL, J. Sweatt sued Jay for the recovery of $200 which he had paid on the purchase price of certain land bought from Sweatt under a parol executory sale, under which Sweatt had been admitted into possession, and for $30 paid out for the making of

certain improvements contracted for by Jay and carried forth by Sweatt after the latter had been admitted into possession. It seems that after the parol executory contract had been made, and after Sweatt had been admitted into possession, it was discovered that Jay owned only a half interest in the land. Upon Sweatt's discovering the fact and upon his calling Jay's attention to it, the parties agreed that there should be a rescission, and that Jay should pay back to Sweatt the $230 which he had paid out. Jay did not pay the $230; Sweatt sued for the recovery of it, and obtained judgment. Jay excepts.

Primarily, the effect of the making of the parol executory contract for the sale of the land, the payment of a material portion of the purchase price, and the admission of Sweatt into possession, was such as to satisfy the statute of frauds and to create the relation of vendor and vendee in the executory sale between the parties. The legal title was held by Jay, and Sweatt acquired a substantial equitable interest in the land. But when it appeared that Jay did not have the title which he professed to have,—that he had practiced a constructive fraud upon Sweatt, the latter had the right to enforce a rescission by offering to surrender the property and to demand a repayment of the amount paid on the purchase price, plus the value of such improvements as he had put upon the premises, after deducting the value of the rent (if any) during the period in which he had occupied the land. *Leyden* v. *Hickman,* 75 *Ga.* 684. Counsel for plaintiff in error make the point that a contract for the rescission of an executory sale of land must be in writing, in order to satisfy the statute of frauds. Without deciding whether this is generally true or not, we are prepared to hold, and do hold, that where the circumstances of the case are such as to warrant the vendee's rescinding for actual or constructive fraud, the parties may voluntarily agree in parol upon the amount of money that will satisfy the resulting equities flowing to the parties; and in this case they agreed upon $230 as the amount. If Jay had attempted to enforce his rights against Sweatt by suit in ejectment, standing on the legal title reserved in himself, it would have been permissible, under our rules of pleading and practice and under the rules of substantive law applicable to such transactions, for Sweatt to file an equitable plea setting up the defect in the plaintiff's title, and offering even then to surrender the possession and to claim

an accounting on the basis mentioned above. See *Leyden* v. *Hickman,* supra; *Lytle* v. *Scottish American Co.,* 122 *Ga.* 458 (14), 470 (50 S. E. 402); *Blitch* v. *Edwards,* 96 *Ga.* 606 (24 S. E. 147).

2. As to the sufficiency of the evidence, the point is made that it does not appear that the rescission had ever been completed, because Sweatt admitted that as a condition of the rescission he was to have his $230, and that Jay had not paid it to him; and that the evidence showed that while he had made some movements toward surrendering the possession, still he had retained certain vegetables upon the land, and that his cow had been staked out on it occasionally. The judge, acting by consent as trior of facts, was authorized to find that Sweatt himself did not authorize this use, but that his wife had planted the garden and used it to allow the cow to graze in, in ignorance that the trade had been rescinded. Be this as it may, after Sweatt had elected to claim a rescission for the material defect in Jay's title, and the parties had agreed on the terms of the rescission, any occupancy which he might have exercised would not have been his own legal possession, but would have been the possession of Jay; he, in law, being considered merely as Jay's tenant. Cf. *Prichard* v. *Tabor,* 104 *Ga.* 66 (2), (30 S. E. 415); *Richardson* v. *Harvey,* 37 *Ga.* 224.

We conclude that there is no reason for reversing the judgment.

*Judgment affirmed.*