### 12356. HAYGOOD *v.* KENNEDY.

JENKINS, P. J. This was a suit to recover a part payment made on the purchase of land. Whether or not the contract of purchase was originally unenforceable under the statute of frauds is immaterial to the maintenance of plaintiff's case, since the evidence for the plaintiff showed that the seller had expressly consented to a rescission of. the contract of sale, and the evidence of the seller was such as might show an implied consent to such a rescission, in that he had retaken the land in question and made a crop thereon after the purchaser had surrendered possession. It was for this reason error to direct a verdict in favor of the defendant, although the plaintiff's pleadings and evidence did not sustain her contention relating to fraud in the procurement of the original contract, and the evidence did not sustain her other contention, relative to a breach of the seller's obligations in that he had failed to give possession of the premises. In a case such as this, in the absence of any agreement to the contrary in the subsequent contract of rescission, the rule governing a recovery is that the purchaser is entitled to a return of the partial payments plus the value of any improvements made, less a deduction of the rental value of the land and any injury or damage to the property during the term of occupancy. 39 Cyc. 2002, 1358; *McDaniel* v. *Gray,* 69 *Ga.* 433, 434; *Lytle* v. *Scottish American Mortgage Co.,* 122 *Ga.* 458, 459 (9, 10, 11, 12) (50 S. E. 402); *Dukes* v. *Baugh,* 91 *Ga.* 33 (16 S. E. 219); *Blitch* v. *Edwards,* 96 *Ga.* 606 (24 S. E. 147); *Jay* v. *Sweatt,* 8 *Ga. App.* 481 (70 S. E. 16).

*Judgment reversed. Stephens and Hill, JJ., concur.*
DECIDED NOVEMBER 18, 1921.

Complaint; from Lamar superior court — Judge Searcy. March 21, 1921.

*Redding & Lester,* for plaintiff.
*Cleveland & Goodrich,* for defendant.