### 13384. MEHRTENS *v.* KNIGHT.

JENKINS, P. J. An owner of land and another entered into a written contract denominated an agreement " to sell " the land for a stated price, upon which a lump sum was paid at the time the contract was made, and the balance was to be paid monthly. The purchaser agreed to pay the taxes and maintain the insurance. The contract designated the monthly payments as " rent," and provided that the purchaser should " only have the rights of a tenant until he has paid five hundred dollars on the principal of the original amount," and that, in case of default in such monthly payments, " he shall immediately become a tenant holding over and be dispossessed by dispossessory warrant." *Held:* In view of the averments of the petition, setting up the subsequent undertakings by the vendor, and the construction given to the contract by the parties as one for purchase and sale and acted upon by them as such, it is unnecessary to determine whether the agreement as originally made would have been thus construed, or whether it constituted merely a lease with an option to buy. See, in this connection, *Blitch* v. *Edwards,* 96 *Ga.* 606 (24 S. E. 147); *Guilford* v. *McKinley,* 61 *Ga.* 230 (1), 232; *Crawford* v. *Cathey,* 143 *Ga.* 403, 405 (85 S. E. 127); *Adams* v. *Shewmake Co.,* 23 *Ga. App.* 741, 743 (99 S. E. 473).

2. This is a suit by the alleged purchaser against the alleged vendor under said contract, and the petition states that the plaintiff accepts the breach of the vendor and elects to rescind the contract of sale and seeks to recover the initial cash payment and other monthly payments made to the defendant, as well as the value of certain crops raised by the plaintiff upon the property and taken possession of or destroyed by the defendant. He further seeks to recover the proceeds of an insurance policy collected by the defendant on account of the destruction by fire of a valuable building on the property, occurring immediately after the seventh monthly payment. The plaintiff further shows by his petition that, after the defendant had received such payments and had collected said insurance, the plaintiff filed in the same court an equitable petition against the defendant for specific performance of the contract, in which she prayed for the application of the insurance money in reduction of the purchase-price, and asked that the defendant be enjoined from selling the property to other persons, and from interfering with the plaintiff's possession; that, pending such previous suit, the defendant

agreed to apply the insurance proceeds in " reduction of his indebtedness on said property according to the tenor of said contract, and, upon payment in the regular order of the monthly installments on said property, would execute to him a deed to said property;" that, upon the faith of this agreement with the defendant, the plaintiff dismissed the previous suit, but that the defendant failed and refused to comply with her undertakings, and sold the property to another, and placed herself where she was unable to perform her agreement; and that, therefore, .the plaintiff " has elected to rescind said contract and sue for the recovery of the money received . . on the purchase-price of said property." *Held:*

(*a*) The petition states a good cause of action in so far as it seeks to recover previous partial payments and the value of improvements. Assuming as true the allegations with reference to the agreement under which the previous suit was dismissed, the defendant will not be heard now to insist that the contract was only one of landlord and tenancy with an option to purchase.

(*b*) The plaintiff, however, is not entiled to recover the proceeds of the insurance policy, since the action is not one for specific performance against the vendor, under which the vendee might be entitled to such an abatement in the purchase-price (*Phinizy* v. *Guernsey*, 111 *Ga.* 346 (3), 35 S. E. 657), but the petition in terms accepts the breach by the defendant of the contract of sale, and claims as damages therefor the previous partial payments and the value of the alleged crops or improvements. In such a case the rights of the purchaser are limited to a recovery of the previous " partial payments, plus the value of any improvements made, less a deduction of the rental value of the land and any injury or damage to the property during the term of occupancy." *Haygood* v. *Kennedy*, 27 *Ga. App.* 689 (109 S. E. 522), and cases cited.

3. The only exceptions taken are upon the exceptions pendente lite to the overuling of the demurrers to the petition. Excluding the item of insurance, the plaintiff claimed in his petition and amendment the sum of $310, consisting of a $100 initial payment and seven monthly payments of $30 each, and the further sum of $200 as the value of crops taken possession of or destroyed by the defendant. The jury found for the plaintiff only the sum of $295. The verdict and judgment thus necessarily excluded the $2,000 item of insurance complained of on demurrer; and, as must be assumed from the record, being supported by evidence as to the remaining items, the judgment overruling the demurrers must be affirmed. No special lien being found in the verdict or set up in the judgment, it is unnecessary to pass upon the overruling of the demurrer with respect thereto.

                 *Judgment affirmed. Stephens and Bell, JJ., concur.*

                     DECIDED JANUARY 17, 1923.

Complaint; from Chatham superior court — Judge Meldrim. February 6, 1922.

*Simon N. Gazan, Bouhan & Herzog,* for plaintiff in error.

*Lewis A. Mills, W. H. Bedgood,* contra.