## DISHAROON *v.* ESKEW.

HILL, J. The petition as amended is not subject to demurrer on the ground that (a) it is duplicitous; or that (b) the agent alleged to have perpetrated the fraud upon plaintiff was "a mere special agent," or that (c) the allegations of the petition are not sufficient to support the charge of fraud. The court did not err in overruling the demurrer to the petition. See, as to declarations of a "special agent," *Williams* v. *Kelsey,* 6 *Ga.* 365, 373. As to allegations of fraud in shortage of land, *Leyden* v. *Hickman,* 75 *Ga.* 684; *Seymore* v. *Rice,* 94 *Ga.* 183 (21 S. E. 293). *Judgment affirmed. All the Justices concur.*

No. 4461. MARCH 11, 1925.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. June 25, 1924.

Mrs. Amanda Eskew brought an equitable petition against J. H. Disharoon and others, alleging substantially that Disharoon, being the owner of a tract of land consisting of 395 acres located in Douglas County, placed the property in the hands of Beach-Lemon Realty Co., a firm of real estate brokers of Atlanta, for sale; that an employee (Cobb) of the Beach-Lemon Realty Co. took plaintiff's agent, W. S. Eskew, to Douglas County to show him the property; that the land was located in a strange territory to plaintiff's agent, and the agent of Disharoon showed him as a part of the tract of land about 50 acres of "fine cultivatable farm lands," representing it to be a part of the 395-acre tract; that there was no one of whom plaintiff's agent might inquire as to the lines of the property, but

the salesman for the Beach-Lemon Realty Co. represented to plaintiff's agent that he was thoroughly familiar with the lines around the property and knew that the 50 acres was included in the tract sought to be exchanged, when in fact it was not; that the salesman was in a hurry to get back to Atlanta, and assured plaintiff's agent that he might depend upon the lines being as pointed out by him; that, relying upon the representations of the salesman that the 50 acres was included in the tract which Disharoon wanted to sell, plaintiff on the following day consummated an exchange of properties with Disharoon, executing a deed to him to two houses and lots in the City of Atlanta in exchange for the 395 acres of farm land; that after Disharoon obtained a deed to the property in Atlanta theretofore owned by plaintiff, he placed additional encumbrances thereupon; that subsequently to the exchange plaintiff moved on the farm land which she had purchased, and found that the 50 acres of "fine cultivatable farm land which made the said tract valuable" was not a part of the tract, but belonged to another person. Plaintiff's petition contained a tender of the property received by her in said exchange to Disharoon, and prayed that the deeds executed between plaintiff and defendant be canceled, that a receiver be appointed to take charge of the property, collect the rents, etc., that plaintiff have judgment against the defendant for the amount of the additional encumbrances placed by him upon the property theretofore owned by the plaintiff; and that the defendants be enjoined from changing the status of the title to the property.

The petition also contained an alternative prayer, that, if equity could not be done by such judgment, the real estate he sold under order of the court by its receiver and the lawful liens thereon be paid off, and that plaintiff have a judgment for $3392.40, the actual amount lost by the fraud of the defendant, which was to be paid out of the residue from the sale of the real estate. By amendment the plaintiff alleged that the 50 acres of "fine cultivatable farm land," which was shown her agent by the salesman for the Beach-Lemon Realty Co., is in the west half of land lot No. 102 of Douglas County, whereas the property of Disharoon included the east half of said land lot; that it was the west half instead of the east half of said lot which was shown plaintiff's agent; that the west half of the land lot is worth $50 per acre,

whereas the east half is not worth more than $10 per acre; that the west half of the land lot belongs to a named owner, but not to Disharoon. The amendment also contains a prayer for damages against Disharoon for $4,000, the difference in the value of the property the plaintiff thought she was buying and the property actually conveyed to her. The amendment alleged' that discovery of the fraud perpetrated on the plaintiff was made on or about February 3, 1924,. and that immediately upon discovery of the fraud plaintiff, through her agent, tendered back to Disharoon all that she had received by virtue of the trade, and demanded a deed to the property which she had conveyed to him, etc. Disharoon demurred to the petition as amended, which demurrer was over-ruled, and he excepted.

*Paul Donehoo,* for plaintiff in error.