16044.    GREER *v.* MORRIS.

JENKINS, P. J. 1. Where a contract for the purchase of land is rescinded by the consent and agreement of both parties, "in the absence of any agreement to the contrary in the subsequent contract of rescission, the rule governing a recovery is that the purchaser is entitled to a return of the partial payments plus the value of any improvements made, less a deduction of the rental value of the land and any injury or damage to the property during the term of occupancy." *Haygood* v. *Kennedy*, 27 *Ga. App.* 689 (109 S. E. 522); *Mehrtens* v. *Knight*, 29 *Ga. App.* 390 (2 *b*) (115 S. E. 506). In the instant action by the purchaser to recover a $200 partial payment made to the vendor, it

not only appears from undisputed evidence that the vendor impliedly consented to a rescission of the contract of sale by selling the land in question to another, but he himself testified, "We called the trade off;" the only dispute being whether or not the vendor had at the time of the rescission expressly· agreed to repay the $200 partial payment, the purchaser and his wife testifying that such an express agreement was made, and the vendor testifying that "nothing was said about the $200." There being no claim or evidence relating to any rental value for the portion of the land on which the defendant vendor testified that the purchaser had temporarily pastured his stock, so as to authorize a deduction from the $200 partial payment, a verdict for the plaintiff in the full amount was demanded.

2. The defendant vendor having expressly consented to a rescission of the contract of sale made with the plaintiff purchaser, the defendant was not entitled to a recoupment of the loss in purchase price incurred in the subsequent sale of the land to another, and the court did not err in so stating to counsel in the presence of the jury.

3. The verdict being demanded for the plaintiff, the court properly overruled the motion for a new trial.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
>
> DECIDED MAY 18, 1925.

Complaint; from Milton superior court—Judge Blair. October 18, 1924.

*J. P. Brooke,* for plaintiff in error.

*George F. Gober, G. B. Walker,* contra.