### 16136. BANK OF CUMMING v. GOOLSBY et al.

JENKINS, P. J. 1. Generally, in the absence of a proper written request so to do, it is not cause for a new trial that the court, in charging the jury, failed to define or draw distinctions between technical terms, where the essential contentions and rules of law were given, and especially where the general meaning and effect of such terms are commonly understood. *Forlaw* v. *Augusta Naval Stores Co.*, 124 *Ga.* 261 (2) (52 S. E. 898); *Holmes* v. *Clisby*, 121 *Ga.* 241 (7) 248 (48 S. E. 934, 104 Am. St. R. 103); *Zachary* v. *Zachary*, 141 *Ga.* 404 (81 S. E. 120); *Bullard* v. *Metropolitan Life Ins. Co.*, 31 *Ga. App.* 641 (3) (122 S. E. 75). On the instant trial of a money rule, involving the relative priorities of a mortgage on realty, recorded but having only one witness, and of a subsequent duly recorded mortgage, where both parties agreed in open court that the one issue in the case which should be submitted to the jury was whether or not the holder of the subsequent mortgage had "actual notice" of the earlier outstanding mortgage "at the time it took its mortgage," and where such question was thus submitted, the court did not err, in the absence of a proper request, in failing to define the exact legal meaning of the term "actual notice" or knowledge, or to charge upon constructive notice by stating the legal effect of the imperfect record of a mortgage on realty having only one subscribing witness.

2. Where, on a money rule to distribute proceeds derived from a sheriff's sale under the fi. fa. of a subsequent mortgage, such as described above, the holder of such mortgage and the holder of the described earlier mortgage agreed to submit to the jury, as the only issue involved in the case, the question stated above, and the question was thus submitted, and the holder of the subsequent mortgage failed, by demurrer or otherwise, to question the legal right of the other holder to intervene in the proceeding without foreclosing her mortgage, and where the jury found against the holder of the subsequent mortgage, and judgment was entered in favor of the other holder, the holder of the subsequent mortgage will not be heard to insist for the first time, on exceptions pendente lite excepting only to such judgment, that it is illegal because the earlier mortgage had not been foreclosed and no equitable reason for claiming the fund derived from a sale under the subsequent mortgage was set out in the intervention; the sheriff's return indicating that the entire estate, and not merely the equity of redemption, was sold by express or implied consent. Civil Code (1910), §§ 3292, 3274; *Byars* v. *Bancroft*, 22 *Ga.* 34; *Baker* v. *Wimpee*, 22 *Ga.* 69, 72. Moreover, it appears that the holder of the earlier mortgage offered in evidence, without objection, a mortgage execution dated the same day as the execution obtained by the holder of the subsequent mortgage, which execution, if at all relevant, indicates that it related to the mortgage in question, although the record fails to clearly identify the execution, and the principal sum therein is $540, while that of the mortgage is $500.

3. The verdict in favor of the earlier mortgage on the only issue, agreed and submitted as stated above, was authorized.

4. The judgment entered on the verdict of the jury was for $727.51, "being the amount of the principal and interest up to the 3d day of April, 1924, when the funds came into the hands of the sheriff, attorney's fees, and costs," and allowed additional costs for the money rule proceeding. Exceptions are taken to this judgment as excessive and unauthorized to the amount of $48.22, interest for one year, since under the evidence the funds did not come into the hands of the sheriff on April 3, *1924*, but on that day in *1923*. It appears from the record that the correct principal amount of the mortgage note was $500, and that interest thereon at 8 per cent. was due from its date, November 25, 1920, to April 3, 1923. The mortgage fi. fa., dated March 5, 1923, offered in evidence, was for $59.76 attorney's fees, and $18.25 court costs in the previous foreclosure case. Deducting these from the amount of the judgment as rendered, it appears that the judgment allowed $649.51 principal and interest, while the correct amount on the $500 principal to April 3, 1923, instead of April 3, 1924, seems to be only $593.89, allowing an excess of interest to the extent of $55.62. This error being in the judgment, but not in the verdict, the judgment of the court below is affirmed with direction that the amount of the judgment be reduced in this sum, so as to make the total $671.90 in lieu of $727.52, and that the amount awarded the holder of the subsequent mortgage be increased by the amount stated to $191.10 instead of $135.48.

*Judgment affirmed, with direction. Stephens and Bell, JJ., concur.*

DECIDED JULY 20, 1925.

Money rule; from Gwinnett superior court—Judge Russell. December 10, 1924.

*H. L. Patterson,* for plaintiff.

*O. A. Nix,* for defendants.