ALEXANDER W. SMITH, JR., EXECUTOR, ESTATE OF ALEXANDER W. SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

D. L. SHANNON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27224, 27225, 26909. Promulgated June 12, 1930.

*Theodore B. Benson, Esq.*, for the petitioners.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

MURDOCK: Counsel for the respondent stated that the position of the respondent could not be upheld both in regard to the deficiencies asserted against the decedent Smith and his estate, and the petitioner, Shannon, since in the first instance the agreement was treated as a lease and payments thereunder treated as rent, and in the latter instance it was treated as a sale and the payments made by Shannon were disallowed as deductions for rent. Furthermore, neither Shannon nor the respondent contended that the payments made by Shannon could or should be allocated on the basis of a certain percentage for rent and the balance for purchase price. No evidence .was offered to support any such allocation. The case was submitted on the question of whether the agreement of June 27, 1919, between Smith, Manley, and Shannon constituted a sale or a lease.

In *Blitch* v. *Edwards*, 96 Ga. 606; 24 S. E. 147, it is said:

The first great essential in the interpretation of contracts is to arrive at what was the real intention of the parties. * * * It is true that there is some language employed in the written contract under review which would seem to indicate that the relation of landlord and tenant was intended to be established thereby, for, among other statements in it, will be found one: " I acknowledge renting from them, with the privilege of buying." Standing alone, this would seem to indicate that there was a contract of rental only between the parties, and that the relation of landlord and tenant was established thereby. * * * It is not every written contract, which uses the word " rent " by way of description of sums to be paid for use of the property, that creates * * * in the case of real estate a case of landlord and tenant.

In *Hays* v. *Jordan*, 85 Ga. 741; 11 S. E. 833, the plaintiff delivered a piano to the defendant, the latter executing notes " for value received for the rent." The agreement between the parties provided that the plaintiff was to retain title to the piano until the notes " given for the use of this piano " were paid. Title was then to pass to the " lessee." It was held that the transaction was a conditional sale and not a contract of rental. The court, quoting from *Hervey* v. *Rhode Island Locomotive Works*, 93 U. S. 664, and citing *Murch* v. *Wright*, 46 Ill. 487, said:

It was evidently not the intention that this large sum should be paid as rent for the mere use of the engine for one year. If so, why agree to sell and convey the full title on the payment of the last installment? * * * No words employed by the parties can have the effect of changing the true nature of the contracts.

The principle of this case was approved and made applicable to transactions involving real property in *Lytle* v. *Scottish American Mortgage Co.*, 122 Ga. 458; 50 S. E. 402. In that case the mortgage company " demised, leased and rented " certain property to Mrs. Lytle in consideration of 10 annual payments aggregating $1,260, designated in the contract as purchase money, and 10 annual payments of $275, designated as rent. Mrs. Lytle also agreed to pay the taxes as " additional rental " during the 10-year term of the " contract of rent." The mortgage company agreed to convey the property to her in fee simple, when all such payments were fully made. Upon default in payments by Mrs. Lytle the mortgage company brought suit. The court held that what is called " rent " may be shown to have been really a part of the purchase money; the amount named as rent which was in excess of a fair and reasonable value for the use of the property could be recovered by Mrs. Lytle; and the relation of the parties under the contract was not that of lessor and lessee, but of vendor and vendee. Cf. *S. L. Herold et al.*, 17 B. T. A. 933; *Heryford* v. *Davis*, 102 U. S. 235.

In the instant case Shannon agreed to pay Smith & Manley $10 on the date of the contract and $1,000 per month for the full term of 20 years. He also agreed to pay the taxes and insurance on the property during that period. Upon his compliance with these and the other terms of the agreement and upon his payment of an additional $10 at the end of the term, Smith & Manley agreed that he should have title to the property in fee simple. They also contracted to execute a joint fee simple deed to the premises on the date of the agreement and deposit it in escrow with the Bankers Trust Co., which they did. On the authority of the above cases the relationship between the parties was not one of lessor and lessee, but of vendor and vendee; the transaction was a conditional sale; and the $1,000 payments made by Shannon were not rent, but purchase price.

Cf. *S. L. Herold et al.*, *supra*; *E. G. Robertson*, 19 B. T. A. 534. The execution and deposit of the deed in escrow further strengthens this view, for the grantor has no control or power over the escrow deed and can no more countermand the delivery thereof than of an absolute deed, and it is always in the power of the grantee to entitle himself to the deed and to the estate by performing the stipulated conditions. *Wellborn* v. *Weaver*, 17 Ga. 267.

The respondent erred in including the $1,000 monthly payments made by Shannon in the income of Smith & Manley as rent, and under the stipulation of the parties the tax liability of Smith and his estate will be redetermined on an installment sale basis.

In accordance with the above ruling, and with section 214 (a) (1) of the Revenue Acts of 1921 and 1924, Shannon is not entitled to deduct the $1,000 monthly payments from his gross income. He has an equity in the property in question. In equity the vendor, as to land, is the trustee of the vendee, and the vendee is the trustee of the vendor as to the purchase money. *Fain* v. *Garthright*, 5 Ga. 6. Cf. *Holeproof Hosiery Co.*, 11 B. T. A. 547.

The executor alleges that the $8,545.52 which was received by the estate in 1925 pursuant to the articles of partnership did not represent income of the estate. To support this contention he contends, apparently, that such payment constituted a consideration for the purchase of the decedent's interest in the partnership by the surviving members, and therefore resulted in the receipt of no taxable income by the estate. But even if this be a correct construction of the contract, at least the amount received in excess of the value of the decedent's interest in the firm at the time of his death would be income taxable to the estate. See *Frank H. Clark, Executor*, 12 B. T. A. 425. This amount can not be determined from the record. If, however, the contract may be construed in other ways, in any event, the proof is insufficient to overthrow the determination of the Commissioner. See *Ernest M. Bull, Executor*, 7 B. T. A. 993. Cf. *Hill* v. *Commissioner*, 38 Fed. (2d) 165; *Pope* v. *Commissioner*, 39 Fed. (2d) 420.

*Judgment will be entered under Rule 50.*