### 58500. COLONIAL LINCOLN-MERCURY SALES, INC. v. MOLINA et al.

SHULMAN, Judge.

Appellees-purchasers, alleging that an automobile sold to them as new was in fact used, filed a three-count amended complaint against appellant-car dealership. Count 1 sought rescission of all purchase contracts and loan agreements made with respect to the car. See, e.g., *Rountree v. Davis,* 90 Ga. App. 223 (82 SE2d 716). Count 2 set forth a claim for breach of warranty. See, e.g., *Snellgrove v. Dingelhoef,* 25 Ga. App. 334 (103 SE 418); *Rustin Oldsmobile v. Kendrick,* 123 Ga. App. 679 (4) (182 SE2d 178). Count 3 stated a claim under the Fair Business Practices Act of 1975 (Ga. L. 1975, p. 376; Code Ann. Ch. 106-12). See, e. g., *Attaway v. Tom's Auto Sales,* 144 Ga. App. 813 (242 SE2d 740). This appeal follows a judgment entered on a jury verdict finding in favor of appellees on

Count 3, which verdict awarded appellees $48,000 general damages, $2,635 attorney fees, $2,000 exemplary damages, and costs. We reverse.

1. The automobile purchased by appellees was subsequently repossessed and sold by Ford Motor Credit Co., the assignee of the financing agreement between appellant and appellees. Over appellant's relevancy objection, a letter from Ford Motor Credit Co., claiming that the proceeds of the sale did not satisfy appellees' indebtedness and demanding payment of the deficiency, was allowed into evidence. On appeal, appellant, submitting that the evidence failed to establish payment of the claimed deficiency by appellees or any further collection action on the part of Ford Motor Credit Co., urges that that letter represented a potential claim and was inadmissible. Since appellant did not advance this argument on the trial level as a ground for excluding this evidence, the argument will not be considered on appeal. *Redwing Carriers v. Knight,* 143 Ga. App. 668 (3) (239 SE2d 686). As to the merits of this issue and without expressing an opinion as to admissibility for a general or limited purpose, compare *Bass v. Postal Telegraph-Cable Co.,* 127 Ga. 423 (3) (56 SE 465), with *Allen v. Southern R. Co.,* 33 Ga. App. 209 (2a) (126 SE 722).

2. The court properly refused to permit appellant to challenge the accuracy of trade-in allowances appearing in the sales contract between appellant and appellees. Notwithstanding appellant's claim that this allowance reflected both the actual value of the trade-in plus the discount otherwise given on the car sold by the dealer, the proffered evidence was inadmissible to vary the terms of the written contract, *Stuckey v. Kahn,* 140 Ga. App. 602 (231 SE2d 565).

3. The court refused to permit appellant to introduce evidence of the rental value of a similar make, less expensive car than the one purchased by appellees. Appellant urges that the exclusion of this evidence erroneously denied appellant the opportunity to establish the value of the benefit conferred on appellees during the period they used the vehicle. We disagree.

While the value, if any, of the benefit conferred by reason of possession may be the proper subject of a setoff

(see, e.g., *Wilson v. Burks,* 71 Ga. 862 (2); *Jay v. Sweatt,* 8 Ga. App. 481 (70 SE 16)), appellant's failure to raise this issue in its pleadings rendered such evidence inadmissible at trial. *Cel-Ko Builders & Developers, Inc. v. BX Corp.,* 140 Ga. App. 501 (2) (231 SE2d 361).

4. The trial court properly permitted a witness to testify as to the value of the vehicle at the time appellees attempted to rescind the sale, even though the rescission was attempted approximately five months after the sale. *Moon v. Wright,* 12 Ga. App. 659 (7) (78 SE 141).

5. In the absence of a request, the court did not err in failing to define the term "actual damages" as that term is used in Sec. 10 (b) of the Fair Business Practices Act of 1975. *Bank of Cumming v. Goolsby,* 34 Ga. App. 217 (1) (129 SE 8); *Bowers v. Fulton County,* 122 Ga. App. 45 (3) (176 SE2d 219), affd., 227 Ga. 814 (183 SE2d 347).

6. In several related enumerations of error, appellant urges that the jury's verdict is not supported by the evidence. This is well taken.

The itemized summary of evidence relating to damages prepared by appellees to retain the verdict falls short of its purpose. Without commenting on all the evidence cited by appellees, it is sufficient to note that the cash down payment on the car purchased by appellees, the monthly cash payments made on the car, the trade-in allowance, the various contractual fees allegedly paid to finance the car, licensing fees for a tag, and a potential claim for a deficiency (see Division 1 of this opinion) are in the nature of restitution damages and are not the "actual damages" within the meaning of the FBPA for which treble damages will lie. Cf. generally State Ex. Rel. Guste v. Gen. Motors Corp., (La. App.) 354 S2d 770 (7, 8), affd. (La.) 370 S2d 477, interpreting "actual damages" to mean relief other than the refund of the purchase price and the return to the status quo that constitutes restitution. See also Cantrell v. First Nat. Bank of Euless, (Tex. Civ. App.) (560 SW2d 721) (7), construing actual damages to be common law damages. As to common law damages, see *Haynes v. Elberton Motors,* 57 Ga. App. 247 (1) (194 SE 884). Since no evidence appears which would support the verdict as to Count 3 in the amount rendered, we conclude that such verdict must be reversed as being

without evidentiary support.

7. In charging the jury on the measure of damages under the FBPA count, the trial court instructed that "if you should determine that the defendant violated the terms of the Act, in the manner alleged, and that such violation was an intentional violation . . . then you shall . . . award exemplary damages." Insofar as the charge is susceptible to the interpretation that exemplary damages are mandatory when an intentional violation is found, the charge was erroneous and should not be given in the event of a new trial. Cf. *Walk v. Carter,* 110 Ga. App. 273 (3) (138 SE2d 390). We reject appellant's claim in a related enumeration that exemplary damages are neccessarily subsumed in the treble damages allowed under Code Ann. § 106-1210 (c). By the plain terms of Code Ann. § 106-1210, if an intentional violation is found, then treble damages are mandatory and exemplary damages are permissible.

8. Appellant asserts that the trial court erred in refusing to charge in accordance with its request as to the notice required under the FBPA. See generally Code Ann. § 106-1210 (b). We must take issue with this position.

Since the instruction requested by appellant may have implied that the sufficiency of the notice was a matter for the jury, the request was not a correct statement of the law. See, e.g., *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695 (9) (112 SE2d 194), holding that while the fact of notice is a question for jury resolution, the sufficiency of notice, if given, is a matter for court determination. This being so, the request to charge was properly rejected. See *Roberson v. Hart,* 148 Ga. App. 343 (2) (251 SE2d 173), as to the rules governing requested charges.

9. Appellant contends that the trial court erred in declining to hold as a matter of law that the notice given by appellees did not comport with Code Ann. § 106-1210 (b) notice requirements. With this contention we cannot agree.

To satisfy notice requirements, appellees rely on a letter sent by them to appellant. This letter stated appellees' contention that the vehicle which was sold to them as "new" was not in fact "new" when sold; partially

listed various defects and nonconformities in the vehicle and referred to a letter in appellant's possession listing other defects (cf. generally *Union Camp Corp. v. Youmans,* 227 Ga. 687 (2) (182 SE2d 468)); and contained an offer to tender the vehicle, coupled with a demand for rescission of contracts relating to the car and a return of all money paid by appellees pursuant thereto. Even though the letter did not cite Code Ann. Ch. 106-12 (but rather cited Code Ann. Ch. 109A-2), the letter was sufficient in and of itself to independently apprise appellant of the underlying facts giving rise to appellees' claim against appellant. The court properly held that the notice sent by appellees to appellant was such notice "identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered." See Code Ann. § 106-1210 (b).

10. At trial appellant was not permitted to elicit testimony as to a telephone conversation taking place after the commencement of the instant action regarding an invoice which indicated that the vehicle sold to appellees was purchased by appellant as a used car. The court committed no error in so holding.

Aside from any other reason for excluding this evidence, appellant's proffer failed to satisfy the requisite preliminary showing for the admission of telephone conversations. *Cannady v. Lamb,* 146 Ga. App. 850 (1) (247 SE2d 500).

11. Appellant, citing the definition of "intentional violation" contained in Code Ann. § 106-1202 (e), asserts that the judgment was demanded in its favor as to Count 3 of appellees' complaint because the evidence failed to show that appellant "knew that [its] conduct was in violation of this chapter [i.e., Ch. 106-12]." We must reject this argument as wholly specious.

Since everyone is presumed to know the law (see *Puckett Paving Co. v. Carrier Leasing Corp.,* 236 Ga. 891 (225 SE2d 910)), an alleged violator of the FBPA will not be permitted to take advantage of self-professed ignorance of the law, and thereby escape sanctions for an intentional violation. The intentional violation as contemplated by the FBPA is a volitional act constituting an unfair or deceptive act or practice conjoined with

culpable knowledge of the nature (but not necessarily the illegality) of the act.

12. Enumerations of error not addressed herein more properly await another day for resolution.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED SEPTEMBER 6, 1979 — DECIDED NOVEMBER 16, 1979 —

*Charles M. Hall,* for appellant.
*John L. Blandford,* for appellees.