JAMES M. WICKER, plaintiff in error, vs. J. S. SCHOFIELD & SON, defendants in error.

Any officer authorized to issue an attachment generally may issue an attachment for purchase money, though the affidavit was made before an officer of a different county.

Attachments. Before Judge CLARK. Macon Superior Court. December Term, 1876.

Reported in the decision.

JNO. R. WORRILL, by brief, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS, for defendants.

WARNER, Chief Justice.

This case came on for trial in the court below, on a declaration' founded on an attachment issued under the provisions of the 3293d, 3294th and 3295th sections of the Code. The jury found a verdict for the plaintiffs; the defendant made a motion for a new trial, on the grounds therein stated, which was overruled by the court, and the defendant excepted.

It appears from the record, that the affidavit for the attachment was made by the plaintiffs before a notary public, in the county of Bibb, in which they alleged that James M. Wicker, the defendant, of the county of Macon, was indebted to them the sum of $534.66, besides interest, for the purchase money of certain described property, the said notary public taking bond and security as required by law. On the same day, (to-wit) on the 5th of October, 1874, a justice of the peace of Macon county, issued an attachment, commanding the proper officers to attach the property specified in the aforesaid affidavit, which was annexed thereto. The defendant made a motion to dismiss the attachment, on the ground that it should have been issued by the officer before whom the affidavit was made; that the justice in Macon county had no lawful authority to issue the same, which motion to dismiss the attachment, was overruled, and the defendant excepted, and that was the only ground of error insisted on here.

It is true that the 3295th section of the Code declares, that the affidavit being made and bond given, it shall be

the duty of the officer, before whom such affidavit is made to issue an attachment against the defendant, but it does not declare that it shall be alone his duty, and not the duty of any other officer to issue an attachment upon the affidavit being made and bond given. The 3296th section declares, that so much of the law of the Code as regulates the proceedings in relation to remedy by attachment as is not in conflict with the three preceding sections thereof, shall apply to, and control proceedings under this article. The 3269th section declares, that affidavit being made and bond given, it shall be the duty of the officer before whom such affidavit is made and bond given, "or any officer authorized so to do," to issue an attachment against the defendant. A justice of the peace is an officer authorized to issue an attachment by the law of this state. Construing sections 3295, 3296 and 3269 together, there was no error in overruling the defendant's motion to dismiss the attachment on the statement of facts contained in the record.

Let the judgment of the court below be affirmed.