## WICKER *vs*. SCHOFIELD & SON.

A judgment will not be set aside on motion if the defect, though apparent on the face of the record or pleadings, be amendable, especially where the defendant appeared and answered the original suit and had his day in court.

Judgments. Pleadings. Before Judge CRISP. Macon Superior Court. December Term, 1877.

To the facts contained in the opinion it is only necessary to add the following : On October 5, 1874, defendants in error sued out an attachment against Wicker. On October 12, they filed, under the name of Schofield & Co., a declaration in the short or statutory form of complaint, with the following addition after the name of Wicker : "defendant in an attachment sued out in favor of petitioners on the claim before stated, returnable to said court." Wicker appeared and defended the suit; verdict and judgment went against him, and execution issued. He moved to set them aside, the motion was overruled, and he excepted.

JNO. R. WORRILL, for plaintiff in error.

No appearance for defendant.

JACKSON, Justice.

This motion is to set aside judgment, verdict and execution on two grounds : first, because the declaration in attachment was insufficient; and secondly, because there was no prayer in the declaration for a levy upon any specified property or any property at all.

We think that the court did not err in overruling the motion because the defect, if any, in the declaration in attachment was amendable. The Code, section 3587, is explicit that such motion may be made "for any defect *not amendable*," which by necessary implication means that the motion cannot be made if the defect be amendable.

Reference is made to the declaration filed, and the defects complained of are amendable.

Especially ought this law to be enforced, when, as in this case, the defendant appeared, defended the attachment, and brought the case to this court, where the judgment below was affirmed. See 59 *Ga.*, 210. The grounds do not extend to any defect in the execution.

Judgment affirmed.