PATTILLO *et al.,* executors, *v.* MANGUM.

No. 10156.   NOVEMBER 19, 1934.

*Vaux Owen* and *Cooley, Stephens & Cooley,* for plaintiffs.

*Wheeler & Kenyon* and *John I. Kelley,* for defendant.

BECK, P. J. (After stating the foregoing facts.) Under the allegations contained in the defendant's answer to the petition, he sets forth definitely an agreement upon the part of Owen, the deceased, that if defendant would "stay on and look after me as long as I live, like you have, I will give you my home place [the property in question] where we live and convey it to you." This last contract, set out in paragraph 16, is not, as the movant contends, the same as the first contract, and the defendant was not bound under the terms of the first contract to do those things which he alleged he performed under the second contract. The second contract imposed upon the defendant other duties than those imposed by the first contract under which he moved on the lands in question and undertook to cultivate them as a cropper. The second contract consisted of the proposition by Owen that "if you will stay on and look after me as long as I live, like you have, I will give you my home where we live and convey it to you." Mangum alleges that he did continue to stay on and look after him as he was obliged to do under the proposition and his acceptance thereof. And the motion to arrest the judgment on the ground that no cause of action was stated is without merit. There was a definite contract on the part of Owen to do certain things if the defendant Mangum would do certain things specified; and Mangum alleges in his answer that he did do those things. If the proof sustains

the allegations in the answer, Mangum is entitled to the decree sought.

There was no motion for a new trial, and the evidence introduced on the trial·is not in the record. If the evidence did not support the verdict, or there were errors in the charge, a motion for a new trial was necessary in order to have the verdict set aside; and the judge properly overruled the motion to have the judgment arrested. The right to have a judgment arrested or·set aside exists only for defects, not amendable, which appear on the face of the record or pleadings. Code, § 5959. It has been ruled that though a cause of action may be defectively set forth, the defect is cured by the verdict. *Augusta & Summerville R. Co.* v. *Renz,* 55 *Ga.* 127. "A motion in arrest of judgment can be sustained only for defects appearing on the face of the pleadings which could not be cured by amendment and are not aided by verdict. The pleadings must be so defective that no legal judgment can be rendered thereon." *Merritt* v. *Bagwell,* 70 *Ga.* 578. See also *Wicker* v. *Schofield,* 61 *Ga.* 135. As to the enforcement of parol contract to convey land in consideration of service, and the binding effect of such a contract, see *Ellis* v. *Reagan,* 172 *Ga.* 181 (157 S. E. 478); *Bird* v. *Trapnell,* 147 *Ga.* 50 (92 S. E. 872); *Heery* v. *Heery,* 144 *Ga.* 467 (87 S. E. 472); *Landrum* v. *Rivers,* 148 *Ga.* 774 (98 S. E. 477).

The court did not err in overruling the motion in arrest.

*Judgment affirmed. All the Justices concur.*