BRUCE *v.* JENNINGS, administrator.

No. 13313. JULY 12, 1940. REHEARING DENIED JULY 23, 1940.

620

*William A. Ingram,* for plaintiff in·error.

*Dudley Magruder Jr., Barry Wright,* and *Jack Rogers,* contra.

JENKINS, Justice. 1. It is the general rule that, where the purchaser goes into possession under a binding executory contract for the sale of improved realty which the seller is able to convey, but where, before the transfer of the legal title is consummated, the improvements are destroyed by fire without the fault of either party, the loss falls on the purchaser as the owner of the equitable title. *Mackey* v. *Bowles,* 98 *Ga.* 730, 734 (25 S. E. 834); Bispham's Equity (5th ed.), § 364; 27 R. C. L. 556; 66 C. J. 1052, 1053. If in such a case the property was insured by the seller, he holds the insurance money which he may collect on the bargained property as trustee for the purchaser, subject, however, to his own claims for any unpaid purchase-money plus the insurance premiums. *Phinizy* v. *Guernsey,* 111 *Ga.* 346, 349 (36 S. E. 796, 50 L. R. A. 680, 78 Am. St. R. 207); Brady *v.* Welsh, 200 Iowa, 44 (204 N. W. 235, 40 A. L. R. 603, 605), and cit. Godfrey *v.* Alcorn, 215 Ky. 465 (284 S. W. 1094, 51 A. L. R. 925); 27 R. C. L. 559, § 298; 66 C. J. 1054, 1055 (§ 815); *Mehrtens* v. *Knight,* 29 *Ga. App.* 390 (2, *b*) (115 S. E. 506). In *Phinizy* v. *Guernsey,* supra, it was held that where the failure to consummate the contract of purchase and sale was occasioned by the inability of the vendor to make title as he had agreed, with the result that the contract of sale had not been so far completed

that the legal title in the vendor must be treated as being held in trust for the vendee, then and in such event an intervening loss by fire would fall on the vendor rather than on the vendee, so that, since the loss was his, the right to indemnification by the insurance was also his, and he was entitled to collect and hold it in his own right, and not as trustee for the vendee. In that case it was held that if under such circumstances the vendee should elect to enforce the contract by a bill in equity for specific performance, he would be entitled to such an abatement of the purchase-price as was just and reasonable, even beyond the amount of any such insurance, in accordance with the changed condition of the property. It was, however, plainly recognized that in a case where the vendor is able to perform, and "a binding agreement is entered into to sell land, equity regards the vendor as a trustee of the legal title for the benefit of the vendee, while the latter is looked upon as a trustee of the purchase-money for the benefit of the former;" and that "if the contract of sale had been so far completed that the vendors would have held the legal title as trustees for the vendee, then they would likewise have held title to the policies in the same capacity." 111 *Ga.* 348, 349.

2. In accordance with the above rules, where, as here, there was an executory contract for the sale of improved realty by a vendor able to perform, a subsequent loss by fire would fall upon the vendee, and under the general rule the insurance would be held by the vendor for the benefit of the vendee; but where such parties, as in this case, had specifically agreed, as a part of the terms of the contract of purchase and sale, that the vendee would have "no interest of any kind or character" in the insurance maintained by the vendor, the effect of such a special agreement would be to leave the vendee in the same position as if no insurance was maintained, with the result that under such circumstances the general rule as to the disposition of the insurance could not be given application. Accordingly, the vendee was not entitled, in this his suit for specific performance, to claim any portion of the insurance which had been collected by the vendor; and under the stipulated facts the court erred in allowing the vendee an abatement on the balance owing on the purchase-price in the amount of insurance collected by the vendor less the insurance premiums paid by the vendor, with interest thereon. *Judgment reversed. All the Justices concur.*