36154.   WINGFIELD *et al. v.* OAKES.

Decided April 24, 1956.

784

*O. J. Tolnas, Preston M. Almand,* for plaintiff in error.
*Davis & Davidson, Jack S. Davidson,* contra.

CARLISLE, J. ■ Headnote 1 requires no elaboration.

■ In this declaration in attachment, brought by Mrs. Oakes against the defendant, P. B. Wingfield, it is alleged, without setting out any of the terms of the agreement between them, that on December 24, 1955, Wingfield agreed to sell certain described realty, together with the improvements thereon, to Clarence Simpson, and Simpson immediately thereafter went into possession of the property. Without setting forth any of the terms of the agreement between them, it is alleged that on January 24, 1955, Simpson agreed to sell the land to the plaintiff, Mrs. Oakes. It is alleged further that P. B. and J. A. Wingfield had taken out a policy of insurance with Continental Insurance Company in the amount of $1,000 on a shed located on the property; that on February 18, 1955, the shed was destroyed by windstorm, and there was a total loss under the terms of the policy; that, notwithstanding the fact that P. B. Wingfield and J. A. Wingfield

had received the full purchase price agreed upon for the property, P. B. Wingfield claimed the money due under the terms of the policy; and, that, although Mrs. Oakes and Simpson notified him that the proceeds due under the policy belonged to Mrs. Oakes, he refuses to relinquish his demand for, and claim to, such proceeds. It is further alleged that Mrs. Oakes sued out a garnishment which was served upon Continental Insurance Company through its agent; and that the insurance company answered admitting an indebtedness to the defendant, P. B. Wingfield, of $1,000 under the terms of the policy. In *Bruce* v. *Jennings*, 190 *Ga.* 618, 620 (10 S. E. 2d 56), the Supreme Court held: "It is the general rule that, where the purchaser goes into possession under a binding executory contract for the sale of improved realty which the seller is able to convey, but where, before the transfer of the legal title is consummated, the improvements are destroyed by fire without the fault of either party, the loss falls on the purchaser as the owner of the equitable title. *Mackey* v. *Bowles*, 98 *Ga.* 730, 734 (25 S. E. 834); Bispham's Equity (5th ed.), § 364; 27 R. C. L. 556; 66 C. J. 1052, 1053. If in such a case the property was insured by the seller, he holds the insurance money which he may collect on the bargained property as trustee for the purchaser, subject, however, to his own claims for any unpaid purchase-money plus the insurance premiums. *Phinizy* v. *Guernsey*, 111 *Ga.* 346, 349 (36 S. E. 796, 50 L. R. A. 680, 78 Am. St. R. 207); Brady *v.* Welsh, 200 Iowa 44 (204 N. W. 235, 40 A. L. R. 603, 605), and cit. Godfrey *v.* Alcorn, 215 Ky. 465 (284 S. W. 1094, 51 A. L. R. 925); 27 R. C. L. 559, § 298; 66 C. J. 1054, 1055 (§ 815); *Mehrtens* v. *Knight*, 29 *Ga. App.* 390 (2b) (115 S. E. 506)."

In *Phinizy* v. *Guernsey*, 111 *Ga.* 346, 348 (36 S. E. 796, 50 L. R. A. 680, 78 Am. St. R. 207) it was held: " 'When a binding agreement is entered into to sell land, equity regards the vendor as a trustee of the legal title for the benefit of the vendee, while the latter is looked upon as a trustee of the purchase-money for the benefit of the former.' Bisp. Prin. Eq. (5th ed.) § 364. This rule, however, is not applicable unless there is an ability as well as a willingness on the part of the vendor to convey, the purchaser not being considered as the owner from the date of the contract unless the vendor is prepared to convey a clear title

and is not in default. 1 Warvelle, Vend. 195. In the case of *Mackey* v. *Bowles*, 98 *Ga.* 730, it was held that if, after the parties had entered into a binding executory contract to sell, the property was damaged before the vendor was in a condition to convey, the loss fell upon the vendor and not on the purchaser."

Under an application of those rules of law to the facts alleged in the petition, it appears that the plaintiff has not brought herself within the orbit of those rules. The terms of the agreement between Simpson and Wingfield for the sale and purchase of the property are not alleged. The terms of the agreement between Simpson and the plaintiff for the sale and purchase of the same property are not alleged. This information was called for by the special demurrers, and the defendant had a right to it, as the defendant may require the plaintiff to plead her case with such reasonable clarity and certainty as the status claimed to exist between them is susceptible of. *Wright Contracting Co.* v. *Davis*, 90 *Ga. App.* 548, 552 (2) (83 S. E. 2d 232). The trial court, consequently, erred in overruling those special demurrers.

To come within the orbit of those rules, it must be shown that the purchaser went into possession of the property under a binding executory contract for the sale of the improved property; that the seller was willing and able to convey legal title; and that the loss occurred before the transfer of the legal title was consummated. This is necessary in order to determine whether the loss would have fallen upon Wingfield or Simpson, which in turn would be determinative of the question as to whom the insurance proceeds belonged. It is also necessary to know whether there were stipulations in the agreement between Wingfield and Simpson such as to vary the rules referred to above.

No contractual relationship is alleged between Mrs. Oakes and Wingfield, and without the agreement between Mrs. Oakes and Simpson we are unable to ascertain whether the property was sold to her by Simpson before the loss or before the transfer of the legal title from Wingfield to Simpson, so as to place Mrs. Oakes in Simpson's position with regard to the question of whether the loss fell upon Wingfield or Simpson; nor are we able to ascertain whether any rights which Simpson may have had to the insurance under the above rules of law, or under the contract between Wingfield and Simpson, would accrue, or were assigned, to Mrs. Oakes.

As the case must be reversed because of the errors in overruling the special demurrers, the general demurrer is not now considered.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*