36687, 36688. OAKES *v.* WINGFIELD; and *vice versa.*

FELTON,. C. J. While we recognize that where a purchaser goes into possession under a binding executory contract for the sale of improved realty, which the seller is able to convey, and where, before the transfer of the legal title is consummated, the improvements are destroyed by fire without the fault of either party, the loss falls on the owner of the equitable title, and that, if in such a case the property was insured by the seller, he holds the insurance money which he may collect on the bargained property as trustee for the purchaser, subject to the seller's own claim to any unpaid purchase money plus the insurance premium (*Bruce* v. *Jennings,* 190 *Ga.* 618, 620, 10 S. E. 2d 56); nevertheless, in such a case, the seller

does not become liable to the purchaser for the insurance proceeds until he actually receives them from the insurance company. Until the seller receives the proceeds, he owes the purchaser nothing in respect thereto, he holds nothing in trust for the benefit of the purchaser, and the purchaser has no accrued right against him for the proceeds. Therefore, where, in an action by a purchaser against a seller to recover insurance proceeds, the petition discloses that the insurance proceeds are still retained by the insurer and have not been paid over to the seller, a general demurrer to the petition must be sustained and the action dismissed.

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

The cross-bill of exceptions is dismissed.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED MAY 17, 1957—REHEARING DENIED JUNE 6, 1957.

*H. W. Davis, Jack S. Davidson,* for plaintiff in error.
*Preston M. Almand, O. J. Tolnas,* contra.