40942, 40943, 40944, 40945. MILES v. CITIZENS & SOUTHERN NATIONAL BANK (four cases).

NICHOLS, Presiding Judge. 1. These cases, except as to one ground, raise the identical questions decided in *Cravey v. Citizens &c. Nat. Bank,* 110 Ga. App. ante, and are controlled by the decision there adverse to the plaintiff in error.

2. The contention is here made that the defendant employed a named licensed practicing attorney to defend each such action, but that such attorney through inadvertence and mistake failed to file defensive pleadings although the defendant made inquiry and was advised that such defensive pleadings were filed on his behalf by such attorney before the action became in default. It was also alleged that the defendant conferred with such attorney within a week of the time such actions were served, that such attorney took the service copies of the petitions and process for the purpose of filing defensive pleadings, advising the defendant that he would file them, and later advised the defendant that he had filed them, but through inadvertence, mistake of law and of fact, the defensive pleadings were not filed.

The additional ground of the motion seeking to arrest the judgments are not based on any alleged defects appearing on the

face of the record but on extraneous matter, to wit: Either a misunderstanding between the defendant and his employed counsel or the negligence of such counsel. In *Moore v. Kelly & Jones Co.,* 109 Ga. 798 (35 SE 168), the Supreme Court reversed a judgment of the trial court setting aside a judgment where no defense was filed because of a misunderstanding between client and counsel. See also *Bentley v. Finch,* 86 Ga. 809 (13 SE 155). In *Kite v. Lumpkin,* 40 Ga. 506, Justice McCay held: "As to the ground taken in the affidavit that the defendant had a good defense to the plaintiff's claim . . . but failed to bring it to the notice of the court, by reason of a misunderstanding between himself and his lawyers, we think that is no excuse. It would be indeed an extraordinary practice, to permit a solemn judgment of a Court to be set aside, and a new trial to be had, on such a ground as this. The well settled rule is, that the judgment concludes all disputes between the parties unless there be fraud, accident, or mistake, unmixed with any negligence of the party complaining. The misunderstanding between him and his lawyers, resulting in their failure to file a plea, was gross negligence. If he did employ them, they were grossly negligent, and if he did not, the negligence is his. If a man manage his affairs so badly, that he leaves it in doubt whether he has employed an attorney to defend his suit, he must take the consequences." The trial court did not err in overruling the motions seeking to arrest the judgments.

*Judgments affirmed. Hall and Russell, JJ., concur.*

DECIDED SEPTEMBER 21, 1964.

*Sumner & Boatright, J. Laddie Boatright,* for plaintiff in error. *Wallace E. Harrell,* contra.