41353.   BLECKLEY et al. v. LANGSTON et al.

ARGUED JUNE 9, 1965—DECIDED JUNE 22, 1965—
REHEARING DENIED JULY 12, 1965.

*Culpepper & Culpepper, George B. Culpepper, Jones, Bird & Howell, Eugene T. Branch, F. M. Bird,* for plaintiffs in error.

*Aultman, Hulbert, Buice & Cowart, Roy N. Cowart, R. Avon Buice,* contra.

HALL, Judge. The facts show a destruction of a substantial part of the real estate constituting the subject matter of the contract occurring between the date of the contract and the time fixed for performance without the fault of either party. The question where the loss must fall in these circumstances can be determined by the parties themselves by provisions in the contract. In this case the contract did not contain an agreement between the parties upon this subject and the court must decide the question.

It was established in England in 1801 that after a contract for the sale of realty and acceptance of title the risk of loss is upon the vendee. Paine v. Meller, 6 Ves. 349, 31 Eng. Rep. 1088; cited with approval in *Phinizy v. Guernsey,* 111 Ga. 346, 349 (36 SE 796, 50 LRA 680, 78 ASR 207); 3 American Law of Property, 90, § 11.30; 92 CJS 174, § 295. "The rule is based on the principle that the contract gives to the purchaser in fact and substance the real ownership of the land, the vendor retaining in his own right possession, rents and profits for the brief interval before performance, and the legal title as security for the purchase money." Walsh on Equity 440, § 96. As a result

of the rule, the vendee is entitled to the proceeds arising from condemnation proceedings. *Fulton County v. Amorous,* 89 Ga. 614 (3) (16 SE 201). "This rule, however, is not applicable unless there is an ability as well as a willingness on the part of the vendor to convey, the purchaser not being considered as the owner from the date of the contract unless the vendor is prepared to convey a clear title and is not in default." *Phinizy v. Guernsey,* 111 Ga. 346, 348, supra; *Mackey v. Bowles,* 98 Ga. 730 (25 SE 834).

There is a minority view in this country, known as the Massachusetts rule, which holds that there is a failure of consideration which turns the vendee loose and leaves the vendor with his ruins. Libman v. Levenson, 236 Mass. 221 (128 NE 13). As a practical matter, the latter rule is more expedient, and more in accord with practical common sense and business practices. The inaccuracy of the theory of "Equitable Conversion" was exposed by the late Chief Justice, then Dean Stone, in his oft-cited article, "Equitable Conversion by Contract," 13 Col. L. Rev. 369, 386-388 (1913). And its inconsistency with natural justice, practical advantage, and the principles of law in analogous cases was exposed by Williston in "The Risk of Loss After An Executory Contract of Sale in the Common Law," 9 Harvard L. Rev. 106, 118-123. It is also interesting that the Massachusetts rule was eventually adopted in England by Parliament in the Law of Property Act of 1925, § 47. Nevertheless, the prevailing law of this country and in this State is that the risk of loss is normally upon the vendee who is in substance the owner of the property.

The vendee in this case takes the position that possession of the property at the time of loss should be the criterion for determining whether the loss should be borne by the vendee or the vendor. This was not true at common law nor "has any court of last resort ever reached this result." See Agnor, "Risk of Loss In The Vendor and Purchaser Relation," 11 Ga. B. J. 401, 405. "Casual statements, that the loss falls on the purchaser who has taken possession as in *Mackey v. Bowles,* 98 Ga. 730, 734 (25 SE 834) (1896) [also *Phinizy v. Guernsey,* 111 Ga. 346 (36 SE 746) and *Wingfield v. Oakes,* 93 Ga. App. 783 (92

SE2d 826)] do not mean that he does not assume the risk until he has taken possession." Walsh on Equity, 446, § 97, fn. 78. This is also in accord with the view of the late Dean Pound who, referring to possession at the time of loss as a criterion, says: "There is practically no authority for this view. . . Possession is not material with respect to the passing or existence of either legal or equitable title to land. Why then should it be material as to the incidents of equitable title?" Pound "The Progress of the Law," 33 Harvard L. Rev., 813, 826, fn. 68. Though it may reasonably be argued that possession as well as equitable title in the vendee should be necessary to place upon him losses which the party in possession has the power to protect against, this reasoning is not necessarily applicable to losses caused by an act of God. DeFuniak, Handbook of Modern Equity 218, § 93. Professor Agnor's article, supra, takes the position that the English Rule of Paine v. Meller, supra, is the law of Georgia and can only be changed by a statute similar to the Uniform Vendor and Purchaser Risk Act.

Neither party has referred us to a case and we have found none in which a Georgia court has decided which party—vendor or vendee—takes the loss when improvements on realty are substantially damaged after a binding contract of sale, when the vendor is still in possession and is able to convey title. The Georgia Supreme Court has decided or held as the basis for decision that the loss falls on the vendor when the contract between the parties is not binding (*Walker v. General Ins. Co.,* 214 Ga. 758, 107 SE2d 836), or when the vendor is not able to convey title (*Mackey v. Bowles,* 98 Ga. 730, supra; *Phinizy v. Guernsey,* 111 Ga. 346, supra), and that the loss falls upon the vendee when the vendor is able to convey title. *Bruce v. Jennings,* 190 Ga. 618 (10 SE2d 56). Accord *Wingfield v. Oakes,* 93 Ga. App. 783, supra. Only in the *Phinizy* case, supra, was the vendor in possession at the time of the loss. Opinions in Georgia cases contain the following statement: "It is the general rule that, where the purchaser goes into possession under a binding executory contract for the sale of improved realty which the seller is able to convey, but where, before the transfer of the legal title is consummated, the improvements are destroyed by fire without the fault of either party, the loss falls on the

purchaser as the owner of the equitable title." *Bruce v. Jennings,* supra, 620; *Mackey v. Bowles,* supra, 734; *Wingfield v. Oakes,* supra, 785. The reason for the statement of the rule in this language may be that each of the earlier cases (*Mackey, Phinizy, Bruce,* supra) involved a bond for title. "The most common form taken by transactions of this kind is for the vendor to receive from the vendee purchase-money notes and to execute to him a bond for title, i.e., a written agreement to convey him good and sufficient title to the land when the purchase-money notes have been paid." Powell on Land Actions, 443, § 373. The vendee would normally always be in possession after the execution of the bond for title and this relationship would exist for a considerable time depending upon the period of the loan.

The opinion in the *Phinizy* case, supra, p. 349, states: "If the contract has been so far completed that the vendee is to be treated as the owner of the premises, then the loss falls upon him, as was the case in Paine v. Meller, 6 Ves. Jr. 349, where it was held that when there was a contract for the sale of houses, which on account of defects in the title could not be completed, the treaty, however, proceeding upon a proposal to waive the objections upon certain terms, and the houses were burned before the conveyance, the purchaser was bound if he accepted the title; and the. fact that the vendor allowed insurance on the houses to expire on the day on which the contract was originally to have been completed, without notice to the vendee, made no difference." This dictum appears to be regarded as an adoption by the Georgia Supreme Court of the view that when there is a binding agreement and the vendor is able to convey title "equity regards the vendor as a trustee of the legal title for the benefit of the vendee, while the latter is looked upon as a trustee of the purchase-money for the benefit of the former," and that "if the contract of sale is so far completed that the vendors would have held the legal title as trustees for the vendee," the vendee would take the loss, whether or not he was in possession. *Bruce v. Jennings,* supra; Agnor, Ga. Bar Journal, 401, 402. See *Maddox v. Rowe,* 23 Ga. 431, 435 (68 AD 535); 55 Am. Jur. 782, § 356.

Accordingly, since it appears in this case that the parties

had entered into a binding contract for the sale of real estate, which the vendor was willing and able to consummate at the time of the destruction of a substantial part of the realty, the loss falls on the vendee.

The cases cited in the plaintiffs' brief do not support their argument that the contract was not binding.

The trial court erred in overruling the defendants' general demurrer to the petition, in sustaining the plaintiffs' general demurrer to the defendants' cross action, and in granting the plaintiffs' motion for summary judgment.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*