42532. RANDALL, Administrator v. LeGATE.

Argued January 10, 1967—Decided April 18, 1967.

*Lanier Randall,* for appellant.

*Powell, Goldstein, Frazer & Murphy, C. B. Rogers, John A. Helms,* for appellee.

FRANKUM, Presiding Judge. ■ Petitioner alleged that after his automobile became disabled it was pulled to the shoulder on the right-hand side of the two southbound lanes of the parkway, and that at such time his automobile was completely off the two lanes of the southbound artery of said parkway; that at approximately 8 p.m., the tow truck was backed up to the rear of petitioner's automobile for the purpose of taking the automobile in tow, and at that time the operator of the tow truck began to attach petitioner's automobile to the tow truck; that (Paragraph 7) "while the operator of said tow truck was *thus* attaching petitioner's automobile to said tow truck, a 1964 Ford automobile driven by the defendant's decedent . . . drove off the southbound artery of said parkway and struck said tow truck, causing said tow truck to strike petitioner's automobile," thereby inflicting the damage for which plaintiff sued. Plaintiff alleged in Paragraph 9 of the petition that the damage to his automobile was due solely and proximately to the negligence of the defendant's decedent "(a) in operating her automobile at a rate of speed in excess of the legal speed limit applicable at the time of the accident. (b) in operating her automobile at a speed in excess of a safe and reasonable speed for the conditions existing at the time and place of the events . . . alleged," and "(c) in operating her automobile at a speed greater than that at which she could effectively control said automobile." Defendant demurred to the petition generally and specially, the special demurrers being directed to Paragraphs 7 and 9 of the petition above referred to. Paragraph 7 was demurred to, and particularly the word "thus" therein, on the ground that it was vague, uncertain and indefinite, in that, nowhere in that paragraph nor elsewhere in the petition did the plaintiff allege with sufficient particularity the situation or circumstances embraced by the word "thus," including, (a) in which direction the tow truck was facing, (b) whether said tow truck was completely off the two-lane southbound artery of the parkway, and if not, to what extent it was protruding onto the traveled portion thereof, (c) what, if any, signal devices including flashing warning

lights or flares or other means were taken to caution or warn motorists of the position of the vehicle, (d) what, if any, of the lights, including the headlights, taillights, cabin lights, etc., were operating, (e) whether said tow truck's brakes were set, (f) whether the said tow truck was in gear, and if so, what gear. The allegations of the three subparagraphs of Paragraph 9 above quoted were also demurred to on the ground that they were vague, uncertain and indefinite, in that nowhere in that paragraph nor elsewhere did the petition allege the rate of speed at which the deceased was operating her automobile or the legal speed limit applicable at the time and place of the accident. The trial court overruled these demurrers, as well as the general demurrers to the petition, and in one enumeration of error defendant complains of that order.

We think that the trial court erred in so ruling. While we are aware of the well-established rule in Georgia that factitious demands by special demurrer are not favored, that reasonable certainty is all that is required in pleading, and that a party need not allege his evidence in order to sustain his cause of action (*Gay v. Healan,* 88 Ga. App. 533, 541 (5) (77 SE2d 47), and citations), yet, it is equally well established that a party defendant is entitled to be informed by the pleadings, plainly, fully, and distinctly, of the nature of the plaintiff's contentions, that the plaintiff should plainly, fully, and distinctly set forth his cause of action, legal or equitable or both (*Code* § 81-101), and to this end, it is the right of a defendant under the present practice to require the plaintiff to set forth in his petition by appropriate allegations such facts as will enable the defendant to be fully informed of the nature of the plaintiff's contentions, so that the issues in the case may be fully and clearly defined by the pleadings, to enable the defendant to properly prepare his defense to the plaintiff's claim. *Atlanta, B &c. R. Co. v. Whitehead,* 31 Ga. App. 89 (119 SE 539); *Armour & Co. v. Miller,* 39 Ga. App. 228 (4) (147 SE 184); *Cook v. Kroger Baking &c. Co.,* 65 Ga. App. 141 (1) (15 SE2d 531); *Gilbert Hotel v. Jones,* 72 Ga. App. 819 (35 SE2d 304); *Porter v. Prudential Ins. Co.,* 82 Ga. App. 626, 629 (61 SE2d 797); *American Thread Co. v. Rochester,* 82 Ga. App. 873 (2) (62 SE2d 602); *Wingfield v. Oakes,* 93 Ga. App. 783 (2) (92 SE2d 826); *Wilson v. Christie,*

94 Ga. App. 198, 202 (94 SE2d 31); *Howell v. Exec. Com. of Baptist Convention,* 95 Ga. App. 801, 803 (99 SE2d 172); *Hubbard v. Ruff,* 97 Ga. App. 251, 256 (4) (103 SE2d 134); *Louisville & N. R. Co. v. Barnwell,* 131 Ga. 791 (1 a) (63 SE 501); *Couch v. Crane,* 142 Ga. 22, 26 (1) (82 SE 459). It was material and relevant to the defendant's defense that he know what the plaintiff's contentions were with respect to the direction in which the tow truck was facing; whether it was completely off the pavement or protruding partly onto the traveled portion of the roadway, and, if so, to what extent; what, if any, warning lights or flares had been put out by the driver of the wrecker; what lights, if any, were burning on the wrecker; and whether the truck's brakes were set and whether it was in gear or not. Defendant was also entitled to know the contentions of the plaintiff with respect to the speed at which the deceased was operating her automobile, and also to know what the plaintiff's contentions were with respect to the applicable speed limit at the time and place of the collision. For these reasons the defendant's demurrers to the plaintiff's petition, insofar as they sought this information, should have been sustained.

■ In the original answer of the defendant he alleged that after the plaintiff's automobile became disabled he summoned a wrecker to remove it from the shoulder of the highway; that a wrecker owned by one D. W. Bolger and operated by his employee, Roy Larizza, was stopped on the westerly shoulder of the southbound lanes facing the southbound traffic with its bright lights on and with no warning lights or flares set out; that while Larizza was in the process of attaching the plaintiff's automobile to the tow truck, the defendant approached from the north and seeing the bright lights of the tow truck was led to believe that they were on a vehicle being operated in a northerly direction along the southbound artery, and that in attempting to avoid a collision with the same, she ran off the road and struck the illegally parked wrecker thereby sustaining injuries from which she died. Defendant alleged that any damage suffered by the plaintiff was proximately caused by and was due to the joint negligence of the plaintiff and Bolger, acting by and through the said Larizza, and he set out in his answer the specific acts of negligence upon which he relied. The plaintiff filed general

and special demurrers to that portion of the defendant's answer which sought to set up the affirmative defense that the plaintiff's damages were caused by the joint negligence of himself and the driver of the tow truck. Among the grounds of demurrer were three paragraphs specially demurring to the allegations of negligence on the ground that they were uncertain, indefinite, evasive, and mere conclusions of the pleader unsupported by particular facts sufficient to show that Larizza was subject to the control of the plaintiff. The trial court sustained all of the plaintiff's demurrers to the defendant's answer, including the general as well as the special demurrers, granting in the order leave to the defendant to amend within 20 days. While the defendant has enumerated as error the order of the court sustaining the plaintiff's demurrers to his original answer, it is unnecessary, in view of the ruling which we hereinafter make, to pass upon that enumeration of error. This is so because the defendant in response to that ruling amended his answer by, in substance, striking all allegations by way of affirmative defense and substituting in lieu thereof an entirely new answer setting forth in detail his contentions with respect to the cause of the collision. The trial court thereafter sustained the general and special demurrers filed by the plaintiff to the defendant's answer as thus amended, a ruling which we have concluded was error. Therefore, whether or not the original answer was subject to the demurrers filed thereto becomes a moot question which it is unnecessary for this court to decide.

One of the grounds of demurrer was that the defendant's amendment to his answer was a mere reiteration of the allegations previously contained in his answer, and therefore was not sufficient to correct the defects held by the previous order of the court to exist therein. There was also a general demurrer to the amended answer and numerous grounds of special demurrer, all of which the trial court in a sweeping order sustained. As amended, the material allegations of the defendant's answer set forth that, after the petitioner's automobile became disabled and was pulled to the shoulder of the highway, petitioner caused a tow truck or wrecker owned by Texaco Turnpike to come to the aforesaid site to assist him; that the wrecker was the property of one D. W. Bolger and operated by one Roy Larizza; that

when said wrecker arrived "petitioner instructed and directed" the said Larizza to remove the automobile; that the only direction in which the wrecker could legally tow plaintiff's automobile was south, and that, notwithstanding this, Larizza drove the wrecker onto the westerly shoulder of the southbound lanes of the 4-lane highway with the wrecker facing in a northerly direction and with its bright lights or high beams turned on, and without exhibiting any flashing signal devices or putting out any flares, or without taking any means to warn motorists; that Larizza "was then acting under the instruction and direction of the petitioner," that the petitioner did nothing to correct the hazards created by the action of Larizza, although petitioner had "the inherent authority to order the said Larizza to back up to the petitioner's vehicle from the south, so that the said tow truck's lights would be facing south, away from the oncoming traffic, [or] to put out warning lights or flares, and to operate the tow truck's flashing signal device"; but, notwithstanding this authority, the petitioner acquiesced in the acts of Larizza. Defendant then alleged that the damage suffered by the petitioner was the result of the negligence of Larizza, which was acquiesced in and participated in by the petitioner, and therefore imputable to him, and that that negligence was greater than or at least equal to any negligence attributable to the deceased, Mrs. Gregory, and petitioner thereafter set forth specific acts of negligence substantially as alleged in the original answer.

We do not think it can be seriously contended that, as against a mere general demurrer, the amended answer did not set forth a defense to the plaintiff's claim. While the defendant did not in his answer specifically invoke the doctrine of intervening cause, we think that as against a general demurrer the facts alleged in the amended answer were sufficient to present the question of whether Larizza's negligence constituted the sole proximate cause of the plaintiff's injuries and damage. It was therefore error for the trial court to sustain the general demurrer to the amended answer.

Some of the demurrers to the original answer which the court sustained called upon the defendant to set forth his contentions in more detail. This the defendant did in the completely redrafted answer. It has been many times held by both the

Supreme Court and this court that where the trial judge sustains a general demurrer or one or more grounds of special demurrer in a conditional order which allows the plaintiff a given time in which to amend, and which does not provide for automatic dismissal on the plaintiff's failure to amend within the time allowed, an amendment by the plaintiff purporting to be filed in response to the original order opens up the whole case for consideration upon its merits, and the conditional order upon the original demurrer concludes nothing. *Folsom v. Howell*, 94 Ga. 112 (1) (21 SE 136); *Jones v. Butler*, 191 Ga. 126, 128 (12 SE2d 326); *Smith v. Bugg*, 35 Ga. App. 317, 320 (133 SE 49); *Woodland Hills Co. v. Lawton*, 37 Ga. App. 742 (3) (142 SE 208); *Parsons v. Foshee*, 80 Ga. App. 127, 130 (2) (55 SE2d 386). Thus, the original order in this case sustaining the general demurrer to the defendant's answer, being merely a conditional order, the terms of which left it evident that other and further orders on the sufficiency of the answer might be made after the required amendment had been filed, concluded nothing, and did not become the law of the case or amount to a holding that the facts set forth in the answer would not, upon being properly pleaded, constitute a valid defense to the plaintiff's claim. Insofar as the court's second order may be interpreted as being a ruling that the amendment failed to correct the defects previously held to exist in the answer, such order was error. *Mandle v. Mandle*, 148 Ga. 700 (98 SE 261); *Clements v. Hollingsworth*, 206 Ga. 255, 259 (56 SE2d 505); *Central of Ga. R. Co. v. Jones*, 24 Ga. App. 532 (101 SE 710); *Duke v. Williams*, 92 Ga. App. 151, 154 (88 SE2d 289).

It necessarily follows from the ruling which we have just made that it would be error upon another trial for the court to direct a verdict for the plaintiff on the issue of liability, if the defendant by any competent evidence supports the affirmative defenses raised by the amended answer. Since, however, in view of the rulings which we here make, the evidence may not be the same on another trial, no further ruling will be made on the sufficiency of the evidence to authorize the verdict which was returned.

■ The petition of the plaintiff in this case was filed on August 26, 1965. On April 7, 1966, after the answer, amended

answer, and demurrers to the same had been filed, counsel for the plaintiff served upon counsel for the defendant notice of intention to take the deposition of the plaintiff upon written interrogatories to be propounded to him by a named notary public at the plaintiff's place of residence in Poplar Bluff, Missouri. This notice was apparently served, and the deposition taken under the provisions of *Code* § 38-2106, as amended (Ga. L. 1959, pp. 425, 435). Counsel for the defendant did not serve any notice upon the plaintiff or his counsel to take the plaintiff's deposition by written cross interrogatories, nor did he prior to the taking of the deposition move the court that the deposition not be taken, or that it be taken only at some designated place other than that stated in the notice, or that the scope of the examination be limited to certain matters, or that the deposition not be taken except upon oral examination, nor did he move the court for any other order provided for under *Code Ann.* § 38-2105 (b) or *Code Ann.* § 38-2106 (d). Instead, counsel for the defendant waited until counsel for the plaintiff sought to introduce the deposition upon the trial of the case and thereupon objected to its admissibility. In a lengthy colloquy covering approximately 14 pages of the transcript counsel for the defendant, relying solely upon the case of *Reynolds v. Reynolds,* 217 Ga. 234, 241-251 (3) (123 SE2d 115), asserted, in substance, that it was not competent for the plaintiff to prove his case solely by means of written interrogatories propounded to himself. As can be seen by contrasting the procedure followed by the defendant in the *Reynolds* case with that followed by the defendant in this case, there is a distinction between that case and this case. In the *Reynolds* case counsel for the defendant promptly and timely moved, under the provisions of *Code Ann.* § 38-2106 (d), for an order that the plaintiff's deposition not be taken except upon oral examination, and counsel there set forth in detail the reasons why they contended that the plaintiff's deposition should not be taken upon written interrogatories but should be confined to being taken upon oral examination. The ruling in the *Reynolds* case must be interpreted in the light of the facts of that case. While the language used by the Supreme Court at page 247 of 217 Ga., that "such purported

testimony was illegal, unauthorized, void, and wholly without probative value," is broad and all encompassing, such language must, nevertheless, be viewed in the light of the order to which the plaintiff in error was there excepting. In substance that order was one made in ruling upon an objection timely filed by the defendant to the taking of the plaintiff's deposition by written interrogatories. The wording of the order was to the effect that the plaintiff would not be required to leave his home and go to the county seat or elsewhere, either as a party or as a witness in the case for the purpose of being examined or cross examined, and that the plaintiff's testimony in the case could be taken by the preparation and submission of written interrogatories under the terms and conditions set forth in the order. No such order was made in this case. Neither did the defendant file any objections to the taking of the plaintiff's deposition by the means of written interrogatories. The defendant did not follow any of the remedies made available to him under the provisions of *Code Ann.* §§ 38-2105 (b) and 38-2106 (d), but merely sat idly by and permitted the plaintiff to proceed with the taking of his deposition on written interrogatories without objection. Having failed to timely object he will be held to have waived any objection he may have had and will not now be permitted to insist that the deposition was not admissible. Finally, it must be remembered that the *Reynolds* case was a divorce proceeding which (as was pointed out by the court there in making its ruling) is a proceeding affecting not merely the parties before the court but society at large. The Supreme Court, in rendering its judgment on that point, gave much consideration to that fact. The testimony of the plaintiff in this case by written interrogatories and his answers thereto was not inadmissible for any of the reasons urged by the defendant.

The remaining enumerations of error are not argued or insisted upon by the appellant anywhere in his brief, and they will, therefore, not be passed upon.

*Judgment reversed. Deen and Quillian, JJ., concur.*