## 43032. RICH'S, INC. v. COLEMAN.

QUILLIAN, Judge. Rich's, Inc., filed suit on an open account against Timothy M. Coleman, in the Civil Court of Fulton County. Counsel employed by the defendant filed an answer, which denied the defendant was indebted to the plaintiff in any amount whatsoever, and a special demurrer on the ground that the plaintiff failed to attach a bill of particulars to the petition. The demurrer came on for a hearing and was sustained by the trial judge, the plaintiff being allowed 15 days to amend. Thereafter, the case came on for trial at which there was no appearance by the defendant or his counsel. Upon consideration of the plaintiff's evidence, judgment was rendered in its favor in the amount for which it sued. Process of garnishment issued based on the judgment and the defendant's employer paid the fund into court. At a subsequent term of court, the defendant filed his motion to vacate and set aside the judgment against him, alleging that he had

no knowledge of the judgment entered. He subsequently amended his motion to set aside by adding additional grounds. Upon the hearing of the motion, the trial judge vacated and set aside the former judgment. From this judgment the plaintiff appeals. *Held:*

1. A judgment may not be set aside for any defect in the pleadings or record that is aided by the verdict or amendable as a matter of form. *Code* § 110-705. The failure to attach a bill of particulars to the petition is an amendable defect which is cured by the verdict. *Bowen v. McClelland,* 115 Ga. App. 617, 618 (155 SE2d 660); *Dill v. Jones,* 3 Ga. 79; *Wilson v. Stricker & Co.,* 66 Ga. 575 (1); *Artope v. Macon & B. R. Co.,* 110 Ga. 346 (3) (35 SE 657). Hence, there is no defect not amendable which appears on the face of the record or pleadings. *Code* § 110-702. *Pattillo v. Mangum,* 179 Ga. 784 (177 SE 604).

2. The general rule is: "A trial court cannot, after the term at which a judgment or order is entered, set aside, alter, amend, or revoke its final judgment or order except for defects appearing on the face of the record." *American Mut. &c. Co. v. Satterfield,* 88 Ga. App. 395, 397 (76 SE2d 730); *Sargeant v. Starr,* 102 Ga. App. 453, 459 (116 SE2d 633).

3. "Courts of law have jurisdiction to set aside their own judgments upon petition with rule nisi or process attached and filed after the term at which the judgment was rendered upon the ground that such judgment was procured by fraud or other irregularity that renders it voidable." *Byrd v. Riggs,* 210 Ga. 473 (1) (80 SE2d 785). If the instant motion be considered as tantamount to that above described, it still must fail on the merits.

The defendant in his motion to set aside alleged that a person whom he employed as an attorney, after filing an answer and demurrer, told him he would notify him when to appear in court. However, he was never notified and assumed the case had been dismissed until a garnishment was levied against his employer. The trial judge in his order found that after filing defensive pleadings the attorney left the jurisdiction and that "at the time of the purported handling of this defense" he was unauthorized to practice law.

It has often been held, even where counsel has been employed, that: " 'Where parties have a case in court, it is their duty to attend and look after their interests. They cannot remain

away without sufficient cause and subsequently have set aside a judgment properly rendered against them, especially where, by the exercise of the least diligence, they could have ascertained the time when the case was set for trial.' *Seifert v. Holt,* 82 Ga. 757 (3) (9 SE 843). They are bound to take notice of the time and place of trial and of when their presence is required." *Blanch v. King,* 202 Ga. 779, 782 (44 SE2d 779); *Godby v. Hein,* 107 Ga. App. 481 (130 SE2d 511); *Miles v. C. & S. Nat. Bank,* 110 Ga. App. 287 (138 SE2d 323). In this case, as was held in *Glover v. Dimmock,* 119 Ga. 696, 697 (1) (46 SE 824), while the petition might set up a good cause of action against the plaintiff's attorney for gross negligence and wanton abandonment of the plaintiff's interest, it shows no cause for setting aside the judgment already rendered.

The judgment is reversed, with direction to the trial court to reinstate the judgment of October 17, 1966.

*Judgment reversed with direction. Jordan, P. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 12, 1967—DECIDED OCTOBER 2, 1967.

*Eugene Cline, Marion W. Cornett, Jr.,* for appellant.