44323.   SZEKERES et al. v. WALTER E.
HELLER & COMPANY.

HALL, Judge.   The defendant Szekeres appeals from the order of the trial court overruling his motion for new trial.

Orders of the court show that upon motion of the plaintiff this case was specially set for trial in the Civil and Criminal Court of DeKalb County on January 18, 1968, and on that date the case was heard and a judgment entered against the defendant, and on January 24 that judgment was vacated. The following judgment was entered on May 22,

1968: "The above and foregoing case coming regularly to be heard, was heard before the judge presiding without the intervention of a jury, no appearance being made on behalf of the defendant, and after hearing evidence; It is considered, ordered and adjudged that the plaintiff have judgment against the defendant in the amount of $120,132.24, principle [sic] together with interest in the amount of $25,277.72 and all cost of court." In the defendant's amended motion for new trial the following facts are stated and verified by affidavits: The case came on before the presiding judge on May 20, 1968, at which time the defendant's counsel was appearing before a United States district court in a criminal case, and his law partner appeared and informed the court of this fact, and the presiding judge set the case for May 22. The defendant's counsel was then still before the United States district court, and his law partner was appearing in the Fulton County Superior Court but called the clerk of court and informed him of the position of defendant's counsel. The case was called and the presiding judge entered judgment against the defendant.

The defendant argues in this court that his motion for new trial should have been granted because the only evidence before the court when it entered judgment had no probative value, being in the form of answers to interrogatories propounded by the plaintiff corporation to an officer of the corporation and being otherwise insufficient. The record shows that these interrogatories were served on the defendant and filed in court, and the defendant filed no objection, motion or other response thereto. The argument of the defendant is answered adversely to it by the decision in *Randall v. LeGate*, 115 Ga. App. 574, 582 (155 SE2d 415).

*Judgment affirmed. Jordan, P. J., concurs. Whitman, J., concurs specially.*

ARGUED MARCH 5, 1969—DECIDED JUNE 13, 1969—
REHEARING DENIED JULY 2, 1969—

*Henritze & Smith, Walter M. Henritze, Jr.,* for appellants.
*Gerstein & Carter, J. David Chesnut,* for appellee.

WHITMAN, Judge, concurring specially. 1. I concur in the judgment of affirmance.

2. This case originated by petition of plaintiff, Walter E. Heller & Company, appellee here, filed in the Civil and Criminal Court of DeKalb County, against Alton H. Szekeres and M & S Elevators, Inc., as defendants, with process returnable on the first Monday in May, 1966. By order of the trial court of date June 20, 1966, the process was made returnable to the first Monday in July, 1966, with direction that the suit and process and copy of said order be served on "defendant." By single return of service of date June 21, 1966, it appears that service was had on "the defendant Alton H. Szekeres and M & S Elevators, Inc. by leaving a copy of this action and summons at his most notorious place of abode in this county [DeKalb County, Ga.]." M & S Elevators, Inc. filed a plea to the jurisdiction, which it appears was never formally disposed of. Under date of May 22, 1968, by judgment entitled in the cause as Walter E. Heller & Company v. Alton H. Szekeres and M & S Elevators, Inc., the following judgment was rendered: "The above and foregoing case coming regularly to be heard, was heard before the judge presiding without the intervention of a jury, no appearance being made on behalf of the defendant [sic], and after hearing evidence;

"It is considered, ordered and adjudged that the plaintiff have judgment against the defendant [sic] in the amount of $120,132.24 principle [sic], together with interest in the amount of $25,227.72, and all cost of court." By motion for new trial entitled in the cause as to both defendants, Szekeres filed said motion on the general grounds and thereafter an amendment entitled in the cause as to both defendants was filed, as therein stated by defendant Alton H. Szekeres, movant in the original motion. This amendment purports to be "pursuant to Sec. 81-A-160 (b) and (c), Ga. Code Anno." and relates to the rendition of the judgment on May 22, 1968, in the absence of counsel for defendant. It will thus be seen that the motion for new trial and the amendment thereto was only by and on behalf of defendant Alton H. Szekeres, and the judgment was also against this individual defendant only. Accordingly, the notice of appeal although purportedly given on behalf of both the individual defendant and the corporate defendant, must be

construed to relate alone to the individual defendant Szekeres.

3. As to the amendment to the motion for new trial, the fact that the attorney for the individual defendant was engaged in the trial of a case elsewhere and the judgment was taken in his absence, was not ground for vacation of the judgment or the grant of a new trial. No motion was made for continuance at that time. Absence of counsel without leave of absence would not have been ground for continuance. See cases cited under catchword. "Attendance," *Code* § 81-1413.

4. I concur in the opinion in respect of the sufficiency of evidence to support the judgment.