45173. JORDAN v. PLOTT.
45174. JORDAN v. WILLIAMS.

JORDAN, Presiding Judge. In both of these cases, based on the same incident, a boat collision on Lake Lanier on April 18, 1965, the plaintiffs sought recovery from the defendant Jordan, who is the appellant here, and his wife. On the call of the cases in the lower court on April 22, 1969, the defendant and his counsel failed to appear. The cases proceeded to trial, resulting in verdicts and judgments against the

defendant. The defendant now appeals from the overruling of his motions to vacate and set aside the judgments, and the overruling of his motions for new trial. In ruling on each of the motions to vacate and set aside, the court found, as a matter of fact, that the defendant failed and refused to show proper diligence in obtaining counsel between March 10, 1969, when he received notice that attorneys then employed were withdrawing from the case, and the appearance of the case on the trial calendar on March 17, April 21, and April 22, 1969, and further, as a matter of law and fact, that the attorney employed on the date the case was set for trial was engaged in the trial of another case elsewhere, concluding that the judgment taken in his absence is not a ground to vacate the judgment or grant a new trial. *Held:*

1. A motion for new trial must be predicated upon some extrinsic defect which does not appear on the face of the record or pleadings, whereas a motion to set aside must be predicated upon some nonamendable defect which does appear on the face of the record or pleadings, and, as to the latter, the fact that the pleadings fail to state a claim upon which relief can be granted is not sufficient, but the pleadings must affirmatively show that no claim in fact existed. CPA § 60 (c, d) (Ga. L. 1966, pp. 609, 663; *Code Ann.* § 81A-160 (c, d). The fact that the attorney for the defendant was engaged in a trial elsewhere and that the judgments were taken in his unexcused absence, as well as the absence of the defendant, even though this attorney may have sought a continuance which was never expressly ruled upon, is not in itself a valid legal ground to grant a new trial for reasons which do not appear on the face of the record or pleadings, or to set aside the verdict and judgment because of a nonamendable defect which does appear on the face of the record or pleadings. See *Stamps Tire Co. v. Powers*, 104 Ga. App. 860 (123 SE2d 203); the concurring opinion of Judge Whitman in *Szekeres v. Walter E. Heller & Co.*, 120 Ga. App. 8, 11 (169 SE2d 372); *Rich's, Inc. v. Coleman*, 116 Ga. App. 419 (157 SE2d 814).

2. The remaining contentions of the defendant are without merit.
    *Judgments affirmed. Eberhardt and Pannell, JJ., concur.*

SUBMITTED APRIL 7, 1970—DECIDED APRIL 14, 1970—
REHEARING DENIED MAY 6, 1970—

*Gilbert & Carter, Fred A. Gilbert,* for appellant.
*Herbert O. Edwards,* for appellee.