## 62818. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. STEVENSON et al.

McMurray, Presiding Judge.

On July 3, 1979, Jerry L. Stevenson purchased from Kathryn T. Stevenson six acres of land with a dwelling located thereon for the sum of $30,000. The purchase was financed by loans (first and second mortgages) in the amount of $30,000. On or about July 21, 1979, an oral contract of sale with reference to two acres of said property and the dwelling was made by and between Jerry L. Stevenson and his brother, Norman Stevenson, and sister-in-law, Jeannine Stevenson, whereby he received $5,000 by check labeled "down payment on land," the remainder of the purchase price of said property to be financed by loan from the Farmers Home Administration. A written option was then entered from Jerry Stevenson to Norman and Jeannine Stevenson for the purchase price of $30,000 on a Farmers Home Administration option form, same being accepted by the purchasers on Farmers Home Administration acceptance form, the date of said acceptance being August 29, 1979, with the option being executed on said date, even though the date of the option is dated September 2, 1979.

On July 21, 1979, the Stevensons had applied to an agent for Georgia Farm Bureau Mutual Insurance Company for a policy of insurance on said dwelling informing the agent that they had purchased the property for $35,000. However, an underwriter for the insurer informed the agent that since the insurer already had an existing homeowner's policy on a home in Warrenton, Georgia, which the Stevensons had recently sold, a better procedure would be to issue an amendment to the existing policy. An amended declaration page was issued with an effective date of August 6, 1979, and same was countersigned on August 16, 1979, at the insurer's home office. The homeowner's policy was thus purchased from the insurer by the Stevensons for coverage of the dwelling for a period of 12 months "11/04/78 to 11/04/79," but with a change as of "08/06/79" and for successive policy terms as provided in the policy.

On December 3, 1979, the dwelling burned and was a complete loss, totally destroying the possessions and furnishings of the

Stevensons located within the dwelling. At no time prior to December 3, 1979, had Jerry Stevenson executed and delivered to the Stevensons a deed to the said two acres of land.

Whereupon, the insurer Georgia Farm Bureau Mutual Insurance Company, brought a petition for declaratory judgment against Norman Stevenson and Jeannine Stevenson, setting forth in general the above facts, contending, however, that the maximum insurable interest of the defendants in the property was only $5,000 instead of the proof of loss of $51,000 claimed by the defendants. Plaintiff contends there is a justiciable and actual controversy between the parties and prays that the court declare the rights of the parties under said policy of insurance.

The defendants answered, in general, admitting all of the averments of the petition but denying the amount of insurable interest as being only $5,000 but that they were entitled to the sum of $51,000 by reason of the loss of the dwelling ($30,000), $15,000 personal property coverage, and $6,000 loss of use coverage which the plaintiff had refused to pay. By counterclaim the defendants sought judgment for $51,000 and also a 25% penalty for bad faith damages and reasonable attorney fees.

The parties entered a stipulation of facts succinctly as shown above. The only question of fact and law contained therein is the actual insurable interest in the destroyed dwelling. The declaratory judgment action came on regularly to be heard by the trial court which, after making findings of fact, in general, as shown above that an oral contract of sale had been made with part performance, but before financing was secured the dwelling had burned with all contents therein as the result of no fault of either party, buyer or seller. The court concluded, as a matter of law, that under the doctrine of equitable conversion that equitable title was in the buyers (the defendants) as there was a binding contract for the sale of the real estate between the vendor who was willing and able to consummate at the time of destruction of a substantial part of the realty, and the loss fell on the vendees (the defendants herein), citing *Bleckley v. Langston,* 112 Ga. App. 63 (143 SE2d 671), and that the plaintiff is "liable to defendants up to the maximum coverage of policy as provided . . . commensurate with the losses incurred which are insured against." The court also denied the plaintiff's motion to dismiss defendants' counterclaim for bad faith, damages and attorney fees, stating that an action for declaratory judgment alone did not absolve the bad faith penalty. Plaintiff appeals. *Held:*

The first contention of the plaintiff is that the trial court erred in determining that the plaintiff owed the defendants the full face

amount of the policy. However, this was not the findings of the trial court, which conclusion of law was that the plaintiff was liable to defendants "up to the maximum coverage of policy as provided therein commensurate with the losses incurred which are insured against." An issue of material fact thus remains as to the amount of liability for the losses incurred. In addition defendants also seek by counterclaim 25 % penalty and attorney fees. These issues of material fact remain for determination, and the judgment is not final under the meaning of Code Ann. § 6-701 (a) 1 (Ga. L. 1965, p 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758; 1979, pp. 619, 620) as the cause is still pending in the court below. No certificate for immediate review was obtained from the trial court and no application to appeal was made to this court. The appeal must be dismissed as premature. See *Loftin v. Carrollton State Bank,* 145 Ga. App. 166 (243 SE2d 333); *Williams v. Ray,* 144 Ga. App. 634 (241 SE2d 502); *Goolsby v. Oakes,* 240 Ga. 493 (241 SE2d 836); *Hancock v. Oates,* 244 Ga. 175 (259 SE2d 437).

*Appeal dismissed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1982.

*A. Rowland Dye,* for appellant.
*Robert E. Knox,* for appellees.