This is an appeal from the denial of motion for new trial.
The trial court rendered a judgment in favor of Paul and Shirley Skinner in the sum of $2,200 against Jackie Davis and ordered her to convey certain lands in Autauga County to the Skinners. In a consolidated case, the trial court found Davis guilty of fraud in the sale of the same parcel of land to Thompson and Smallridge and rendered a judgment in their favor in the sum of $3,411.43. Davis' motion for a new trial was overruled as to both judgments.
 Skinner Judgment
The evidence is in conflict but the record reveals that Davis entered into a written agreement to sell a house and acreage to the Skinners for the sum of $50,000. Skinner paid $1,000 down and moved on the property. While the agreement was still in the executory stage, the house burned and was a total loss. Davis carried an insurance policy on the house, which was mentioned in the agreement, and collected $51,200 from the insurer. Davis, thereafter, sold the property to Thompson and Smallridge, who made a down payment and moved a trailer on the property.
 "The granting or refusing a motion for new trial rests within the sound discretion of the trial court; the exercise of that discretion carries with it a presumption of correctness which will not be disturbed unless some legal right was abused and the record plainly and palpably shows the trial court was in error."
Butler v. King, 437 So.2d 1300 (Ala.Civ.App. 1983). Also, "[The] trial court's judgment will be presumed correct where it heard evidence orally, and the trial court's judgment will not be set aside except for plain and palpable error." Parrish v.Parrish, 365 So.2d 1237 (Ala.Civ.App. 1979).
The trial court found, in the Skinner case, that the sales price for the house and land was $50,000; that Skinner paid $1,000 down; that Davis received $51,200 from her insurance company; therefore, Davis was overpaid $2,200 for the property and that sum should be paid by Davis to Skinner. This, essentially, is in compliance with the doctrine established in this state by the case of Alabama Farm Bureau Mutual InsuranceService, Inc. v. Nixon, 268 Ala. 271, 105 So.2d 643 (1958). In that case the supreme court adopted and quoted the general rule, which applies in this case, from Bruce v. Jennings,190 Ga. 618, 10 S.E.2d 56 (1940):
 "It is the general rule that, where the purchaser goes into possession under a binding executory contract for the sale of improved realty which the seller is *Page 1138 
able to convey, but where, before the transfer of the legal title is consummated, the improvements are destroyed by fire, without the fault of either party, the loss falls on the purchaser as the owner of the equitable title (citing authority). If in such a case the property was insured by the seller, he holds the insurance money which he may collect on the bargained property as trustee for the purchaser, subject, however, to his own claims for any unpaid purchase money plus the insurance premiums."
In its judgment, the trial court failed to give credit for the premium Davis paid for the insurance, which was $721. One of the grounds of the motion for new trial was that the judgment was excessive. It was error for the trial court not to give Davis credit for the insurance premium paid by her.
 Thompson and Smallridge Judgment
Though appeal was filed to the ruling denying the motion for new trial in the Thompson-Smallridge judgment, there is no argument as to such ruling by Davis in brief sufficient to satisfy the requirements of Rule 28 (a)(5), A.R.A.P. That judgment is therefore affirmed.
The judgment of Skinner v. Davis is due to be reversed for excessiveness. However, if the Skinners file remittitur in the amount of $721 with the trial court within ten days from the date of the judgment of this court, the judgment will stand affirmed.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED for Thompson and Smallridge.
AFFIRMED conditionally for Skinners.
All the Judges concur.